## ALFRED MARLAND v. PITTSB. & L. E. R. CO.

[HENRY MARLAND v. PITTSB. & L. E. R. Co.]

ERROR TO THE COURT OF COMMON PLEAS NO. 1 OF ALLEGHENY COUNTY.

Argued November 5, 1888—Decided January 7, 1889.

If, in an action against a railroad company for negligence, the plaintiff's evidence shows that when he received his injury he was attempting to cross in front of an approaching train which he must have seen had he used his eyesight, it is not error to enter judgment of compulsory nonsuit, on the ground of contributory negligence : Carroll v. Penn. R. Co., 12 W. N. 348; Moore v. Railroad Co., 108 Pa. 349; Penn. R. Co. v. Bell, 122 Pa. 58, followed.

Before GORDON, C. J., PAXSON, GREEN, CLARK, WILLIAMS and HAND, JJ.; STERRETT, J., absent.

Nos. 213, 214 October Term 1888, Sup. Ct.; court below, Nos. 631, 632 September Term 1887, C. P. No. 1.

To the first Monday September, 1887, two actions in trespass were brought against the Pittsburgh & Lake Erie Railroad Company, one by Alfred Marland, a minor, by his father and next friend, Henry Marland, and the other by the father, Henry Marland, in trespass to recover damages for personal injuries inflicted upon Alfred Marland.    Issue.

At the trial of the causes together on April 16, 1888, before STOWE, P. J., the testimony of the plaintiffs disclosed these facts :

On the evening of February 7, 1887, at half past five o'clock,

| 123 | 487 |
| 126 | 252 |
| 123 | 487 |
| 130 | 394 |
| 123 | 487 |
| 131 | 188 |
| 123 | 487 |
| 143 | 14 |
| 123 | 487 |
| 147 | 225 |
| 147 | 444 |
| 123 | 487 |
| 149 | 358 |
| 123 | 487 |
| 158 | 236 |
| 123 | 487 |
| 164 | 247 |
| 123 | 487 |
| 166 | 356 |
| 123 | 487 |
| 169 | 11 |
| 123 | 487 |
| 171 | 524 |
| 123 | 487 |
| 180 | 248 |
| 123 | 487 |
| 181 | 497 |
| 123 | 487 |
| 196 | 598 |
| 123 | 487 |
| 203 | 228 |
| 123 | 487 |
| e206 | 164 |
| 123 | 487 |
| 28 SC | 7 |
| 123 | 487 |
| 225 | 604 |

Alfred Marland, a youth of seventeen, employed at the steel works of Anderson, DuPuy & Co., opposite Chartiers station, on the defendant's railroad, left the steel works and started to his home. The steel works are between the tracks of the defendant company and the Ohio river; in front of them is a tight board fence ten feet from the nearest track, and between the fence and the track is a pathway the length of the fence. The street is occupied by two main tracks of the defendant company and a number of side tracks. On the side of the street where the station is, there is quite a village wherein many mill-hands reside. The only regular public crossing in the neighborhood is a township road near the upper end of the steel works. A street called Belle avenue opens upon the railroad opposite the steel works, but there is no crossing, although for a number of years persons, principally mill-hands, crossed from the mills, directly or diagonally, at this point, to enter or leave Belle avenue, with the knowledge of the defendant company and without objection or warning.

Alfred Marland left the mill at the time stated, passed through the fence at the gate A, went down the pathway to a point opposite Belle avenue, where he waited, as he testified, until a freight train passed, going up the river. The roadway at this point runs in a straight line for several hundred yards. He looked up and down and seeing nothing started to cross the tracks when he was struck by a shifting train backing down, ringing no bell and displaying no light or signal. One leg was so crushed as to require amputation.

At the close of the testimony on the part of the plaintiffs, the defendant company moved that a judgment of compulsory nonsuit be entered, for the reasons

1. That Alfred Marland was improperly upon the railroad tracks of the defendant, and thereby contributed to his injury.

2. That there was no evidence of negligence on the part of the defendant company.

The motion was allowed, with leave, etc., and on June 17, 1888, the plaintiffs' motions that the judgment of nonsuit be vacated were refused.

The plaintiffs in the actions then took these writs and assigned as error the order directing the entry of the judgment, and the refusal to vacate it.

*Mr. Clarence Burleigh* (with him *Mr. S. A. McClung*), for the plaintiffs in error:

1. There was ample evidence that the defendant company for years prior to this accident had permitted whoever chose to do so to cross its tracks at the mouth of Belle avenue; that whilst using this crossing Alfred Marland was injured, and that it was a want of reasonable care which caused the accident. In Taylor v. Del. & H. Canal Co., 113 Pa. 162, this court, after citing numerous cases, used the following language, Mr. Justice STERRETT delivering the opinion: "The principle clearly settled by the foregoing and many other cases that might be cited is, that when a railroad company has for years, without objection, permitted the public to cross its tracks at a certain point, not in itself a public crossing, it owes the duty of reasonable care towards those using the crossing, and whether, in a given case, such reasonable care has been exercised or not, is ordinarily a question for the jury under all the evidence." In view of the case referred to and the authorities there collected, there certainly was a case for the jury.

*Mr. James H. Reed* (with him *Mr. Phil. C. Knox*), for the defendant in error:

1. "It is in vain for one to say that he looked and listened, if in despite of what his eyes and ears must have told him, he walked directly in front of a locomotive:" Carroll v. Penn. R. Co., 12 W. N. 348. Lefler's testimony shows further that Marland must have come upon the track and stopped while the freight train was yet passing, and under the rule in Moore v. Penn. R. Co., 99 Pa. 304, he was guilty of contributory negligence.

2. Moreover, the testimony showed that not only was there no defined crossing at the place of the accident, but there was no habit of crossing at any certain point. Both Taylor v. Del. & H. Canal Co., 113 Pa. 162, and Phila. & R. R. Co. v. Troutman, 11 W. N. 453, cited by the court in the first case, were decided upon the fact that there was a common and well known foot path across the track, well known to the railroad company to be used by persons crossing, and that the company was bound to anticipate that people might avail themselves of the license. But in the present case, identical almost with Penn. R. Co. v. Lewis, 79 Pa. 33, the court below was correct in withdrawing from the jury all evidence that the public were accustomed to use the track in the neighborhood of the accident.

## No. 213.

OPINIONS, MR. JUSTICE GREEN:

On the trial of this case the plaintiff testified that he stepped upon the track, and was instantly struck and injured. It is true he said he looked up and down the track and saw nothing ; but it is necessarily true, also, that if he made use of his eyesight he must have seen the approaching train. He could not possibly look along the track in the direction of the approaching train and fail to see it, since his presence on the track and the collision were simultaneous. We have pronounced emphatically upon such facts in several of our recent cases.

In Carroll v. The Penn. R. Co., 12 W. N. 348, we said : " The injury received by the plaintiff was attributable solely to his own gross carelessness. It is in vain to say that he looked and listened if, in despite of what his eyes and ears must have told him, he walked directly in front of a moving locomotive." The same doctrine was applied in the case of Moore v. The Philadelphia, Wilmington and Baltimore R. R. Co., 108 Pa. 349. There the plaintiff stood between two tracks waiting for a train to pass. He testified that he looked up and down the road and saw no train, but nevertheless he was struck by an approaching engine, and we held he could not recover. In the very late case of Penn. R. Co. v. Bell, reported in 122 Pa. 58, we reversed the judgment because the court below did not direct a verdict for the defendant upon

entirely similar facts and for the same reason. There also the plaintiff's witness testified that he looked for the train, but that the deceased was struck the moment they saw the head-light, and we held that the deceased had voluntarily placed himself so close to the rails that he was struck by the engine, and, therefore, there could be no recovery.

In the present case, the facts are still more damaging to the plaintiff, because he attempted to cross the track immediately in front of the train which he could not possibly have looked for without seeing. It was about half-past five o'clock upon an afternoon in February. There was no evidence that it was dark, and the plaintiff's principal witness testified that he saw the plaintiff falling, from a point almost a hundred feet distant. The attempt to cross the track in front of an approaching train so close that the plaintiff was instantly struck, was an act of gross carelessness on his part, contributing directly to his injury, and this precludes any recovery.

Judgment affirmed.

No. 214.

For the reasons stated in the opinion in the case of Marland, a minor, by his next friend, v. The Pittsb. & Lake Erie R. R. Co., the judgment in this case is affirmed.

Argued November 5, 1888—Decided January 7, 1889.