## Schmidt et ux. *v.* Phila. & Reading R. R. Co., Appellant.

*Negligence—Contributory negligence—Railroad crossing.*

Where a person walking on a public street comes to a railroad crossing while a north-bound train is passing on the further track, and just as soon or even before it has completely passed starts to cross the nearer track, and either stands or walks near enough to be struck by a south-bound train, recovery is barred by contributory negligence.

Argued March 10, 1892.   Appeal, No. 188, Jan. T., 1892, by defendant, from judgment of C. P. Northampton Co., Dec. T., 1889, No. 14, on verdict for plaintiffs, Emil Schmidt and wife. Before PAXSON, C. J., GREEN, WILLIAMS, MITCHELL and HEY-DRICK, JJ.

Trespass for damages for death of plaintiffs' minor child.

On the trial before REEDER, J., the following facts appeared: On the day of her death, the daughter of plaintiff, nearly seventeen years old, walked upon the embankment along the side of defendant's tracks until she came to a public street which crossed them.   She stopped on the street as a coal train north-bound was then on the far track.   There was quite a thick fog at the time.   The other material facts appear in the opinion of the Supreme Court.

Defendant's fourth point, refused, was: " Under all the law and the evidence in this case, the verdict must be for the defendant."   The verdict was for the plaintiffs, $1,792.50, which was reduced by remittitur to $1,000.

*Error assigned*, among others, was (2) the refusal of defendant's fourth point.

*Edward J. Fox* and *William Mutchler*, for appellant, in addition to cases in the opinion, cited, P. R. R. Co. v. Bell, 122 Pa. 58; Morgan v. Camden & Atlantic R. R., 23 W. N. C. 189.

*M. Kirkpatrick* and *W. S. Kirkpatrick*, for appellees, cited, Vallo v. Express Co., 147 Pa. 404; P. R. R. Co. v. Werner, 89 Pa. 59; McNeal v. R. R. Co., 131 Pa. 184.

OPINION BY MR. JUSTICE MITCHELL, May 23, 1892:

The cause of this unfortunate accident is too plain for dispute, the attention of the deceased was fixed upon the coal train on

the further track, and just as soon, or even before it had completely passed she started to cross the nearer track, and either stood or walked near enough to be struck by the south-bound train. The case for the plaintiff rests mainly on the testimony of Landis whose attention was particularly called to the girl by having walked behind her in coming along the track, and who was not more than ten steps from her when the accident happened. He repeated his account of the occurrence four times and with no substantial variation. In his first examination he said, " She went on the street and turned around and looked and then somebody hollaed 'look out,' and I looked up and saw her get hit. . . . Q. Then she started down to the track? A. On the outside road. Q. At that moment somebody hollaed? A. Yes, 'look out.' Q. Did he holla just as she stepped on the track? A. Yes. Q. At the time he hollaed 'look out' did you see the engine strike her? A. Yes, just as I jumped back the engine knocked her past me. " On cross-examination he said " Q. Was she on the railroad track when the train struck her? A. She was just outside the track. Q. Was she standing when she was struck? A. Yes, she tried to move back. Q. Had she been on the track and gone back? A. She was on the plank." Recalled for further cross-examination, he said " Q. The girl was standing right on the crossing when she was struck? A. Yes. Q. Right outside of the rail, on the plank? A. Yes." And on re-examination, " Q. As soon as she got to the track what happened? A. As soon as she got to the track she stopped on that plank, and that fellow hollaed 'look out.' " The testimony on the part of the defendant confirms and emphasizes the fact that she had not reached the track at all, but while on the planking just outside of the nearest rail, either standing or just about to step on the track, she was struck by the cross beam of the locomotive. It was a clear case of standing in a place of patent danger, or of stepping in front of a moving train, within the rules laid down in Moore v. R. R., 108 Pa. 349; Carroll v. R. R., 12 W. N. C. 348; Marland v. R. R., 123 Pa. 487; and Pa. R. R. v. Mooney, 126 Pa. 244.

There is no room for the application of the principle of R. R. v. Werner, 89 Pa. 59. The rule of that case as was explained in Aiken v. R. R., 130 Pa. 380, 394, applies only where the

party has got into the place of danger without fault or negligence of his own. The present was not the case of a person partly across the track, confused by the warning cry to look out, and thus led to hesitate whether to go on or to turn back. Landis being asked the direct question: " Had she been on the track and gone back ? " answered only " She was on the plank." The clear result of the uncontroverted evidence is that the deceased if she reached the track at all was struck while in the act of stepping on it.

The binding instruction asked by the defendant should have been given.

Judgment reversed.