## Wm. Derk, Appellant, v. Northern Central Ry.

164    243
202    ³284

*Negligence—Railroads—Stop, look and listen.*

In an action to recover damages for death it is proper to enter a nonsuit where plaintiff's own evidence shows that deceased, on approaching a railroad crossing, stopped at a point where a locomotive could be seen for only forty-one feet, that she then walked in the direction of the track, that within six or seven feet of the track the locomotive which killed her could have been seen a long distance, and that, without stopping, she stepped on the track, and was struck the moment her foot touched it.

*Evidence—Maps—Cross-examination.*

Where a civil engineer, who has made a map for plaintiff which is offered in evidence, testified in chief as to the correctness of the map, and the location of certain objects marked upon it, it is proper for defendants to cross-examine him as to other points and distances of the locality upon the same map, if for no other purpose than to test the accuracy of his knowledge and observation.

*Evidence—Employing watchman after accident.*

Where a person was killed at a railroad crossing in the day time, evidence that the railroad company after the accident employed a night watchman at the crossing, is irrelevant.

Argued May 21, 1894. Appeal, No. 36, July T., 1894, by plaintiff, from judgment of C. P. Northumberland Co., Sept. T., 1891, No. 380, entering compulsory nonsuit. Before STERRETT, C. J., GREEN, McCOLLUM, DEAN and FELL, JJ. Affirmed.

Trespass for death of plaintiff's wife.   Before SAVIDGE, P. J.
The facts appear by the opinion of the Supreme Court.

Frederick Lorenz, a civil engineer and witness for plaintiff,
who had prepared a map given in evidence, was asked on cross-
examination : " Q. You can see from the point B, located on
the map in the center of the pavement of the north rail of the
north track, to Mullen's foundry, some 235½ feet and beyond
it ? "   Objected that, as the witness has not been asked any-
thing about Mullen's foundry, it is not cross-examination.   Ob-
jection overruled and exception.   The witness answered in the
affirmative. [2]

Samuel Culp, a witness for plaintiff, having testified that,
from the point A on the map, immediately above the steps of
the store, one could see up the railroad 41 feet, he having
measured it, defendant asked on cross-examination : " Q. Sup-
pose you went from the point A south down to within three
feet of the northbound rail of the railroad, how far could you see
up the track ? "   Objected to as not proper cross-examination.
Objection overruled and exception.   The witness answered that
he might see 100 feet. [3]

The court entered a compulsory nonsuit and subsequently
refused to take it off.

*Errors assigned* were, (1) refusal to take off the nonsuit;
(2–4) rulings, quoting bills of exception and evidence.

*P. A. Mahan* and *J. W. Gillespie, S. B. Boyer* with them,
for appellant.—Negligence is not a fact to be decided by the
court, but the inferences and conclusions are to be drawn from
all the surrounding facts: Kohler v. R. R., 135 Pa. 346; R. R.
v. Fortney, 90 Pa. 323 ; Harris v. Ice Co., 153 Pa. 280 ; Robb
v. Boro., 137 Pa. 42 ; Ely v. Ry., 158 Pa. 233 ; Smith v. R. R.,
158 Pa. 82 ; Boro. v. Neff, 102 Pa. 474 ; Arnold v. R. R., 115
Pa. 135 ; McNeal v. R. R., 131 Pa. 184.

The measure of duty imposed by law on the deceased was
such as a prudent and reasonable person would use under the
circumstances.

Where it appears from the evidence or from presumptions
of law that the party injured took the necessary precautions,
and where there is evidence from which negligence on the part

of the defendant may be inferred, the case is for the jury and not for the court: Hughes v. Coal Co., 104 Pa. 207; Longenecker v. R. R., 105 Pa. 328; R. R. Co. v. Garvey, 108 Pa. 369; McNeal v. R. R., 131 Pa. 184; Ellis v. R. R., 138 Pa. 506; R. R. v. Frantz, 127 Pa. 297; Nieman v. Canal Co., 149 Pa. 92; Urias v. R. R., 152 Pa. 326; McGill v. R. R., 152 Pa. 331; Groner v. Canal Co., 153 Pa. 390; Whitman v. R. R., 156 Pa. 175; Newhard v. Penn. R. R., 153 Pa. 417; Fisher v. Ry., 131 Pa. 292; Hill v. Trust Co., 108 Pa. 1; R. R. v. Werner, 89 Pa. 59, 64; Ry. v. Walling, 97 Pa. 55; Schum v. R. R., 107 Pa. 8; Miller v. Bealer, 100 Pa. 583; McGrann v. R. R., 111 Pa. 171; Corbalis v. Township, 132 Pa. 9; Maynes v. Atwater, 88 Pa. 496; McWilliams v. Keim, 1 Mona. 16.

Where the evidence is conflicting, negligence is a mixed question of law and fact: R. R. v. Evans, 53 Pa. 250; Kay v. R. R., 65 Pa. 269; R. R. v. Ritchie, 102 Pa. 425; Goshorn v. Smith, 92 Pa. 435; Adams Express Co. v. Sharpless, 77 Pa. 516; Johnson v. Bruner, 61 Pa. 58; R. R. v. Barnett, 59 Pa. 259; Arnold v. R. R., 115 Pa. 135; Ellis v. R. R., 138 Pa. 506.

A refusal to take off a peremptory nonsuit is in the nature of a judgment for defendant on demurrer to plaintiff's evidence; and hence, in testing the correctness of such refusal, plaintiff is entitled to the benefit of every fact and inference of fact which might have been fairly found by the jury or drawn by them from the evidence before them: Lerch v. Bard, 153 Pa. 573; Hill v. Trust Co., 108 Pa. 1; Maynes v. Atwater, 88 Pa. 496; McGrann v. R. R., 111 Pa. 171; R. R. v. Killips, 88 Pa. 405; R. R. v. Brandtmaier, 113 Pa. 610; R. R. v. Henderson, 51 Pa. 315; McKee v. Bidwell, 74 Pa. 218.

*J. C. Bucher, W. A. Sober* with him, for appellee.—A harmless error is no ground for reversal and will not be allowed to overturn a judgment: Schmoyer v. Schmoyer, 17 Pa. 520; Allegheny v. Nelson, 25 Pa. 332; Worrall v. Pyle, 132 Pa. 529; Aspell v. Smith, 134 Pa. 59.

A traveler approaching a railroad crossing must stop, look and listen: O'Brien v. R. R. Co., 6 Am. L. Reg. 361; s. c., 3 Phila. 76; R. R. v. Beale, 73 Pa. 504; Greenwood v. R. R., 124 Pa. 572; Aiken v. R. R., 130 Pa. 380.

Where the evidence shows that one must have seen if he

had used his eyes, a nonsuit may be entered: Marland v. R. R., 123 Pa. 487; Carroll v. R. R., 12 W. N. 348; Moore v. R. R., 108 Pa. 349; R. R. v. Bell, 122 Pa. 58; R. R. v. Mooney, 126 Pa. 244; Schmidt v. R. R., 149 Pa. 357; Hauser v. R. R., 147 Pa. 440; Myers v. R. R., 150 Pa. 386; Lees v. R. R., 154 Pa. 46.

OPINION BY MR. JUSTICE DEAN, Oct. 1, 1894:

On the evening of September 2, 1890, about seven o'clock, while it was yet daylight, Hester Derk was run down and killed by defendant's locomotive, in an attempt by her to walk across Shamokin street in the borough of Shamokin. The street and railway cross each other at grade. The deceased was 46 years of age, in good health, in full possession of her mental faculties, with no impairment of the sense of sight or hearing. The locomotive that struck her was running backward, the tender foremost, and moving at a speed of eight to ten miles an hour. Eleven and one half feet north of the point where she was killed, the deceased stopped in front of a drug store. There is a dispute, on the testimony, as to whether this was for the purpose of looking up and down the track, or to recover her handkerchief which she had dropped, and which a boy picked up and handed to her. But the evidence is clear and undisputed that, on regaining her handkerchief, she walked rapidly towards the railway track, and was struck at the instant she stepped upon it, at the first rail.

On the ground, that the uncontradicted evidence showed negligence on part of deceased, the court nonsuited the plaintiff, her husband, and from that judgment comes this appeal.

Counsel for appellant assuming as a fact that deceased stopped, looked and listened at the drug store, then, seeing and hearing nothing, attempted to cross the track, the questions as to whether this was a proper place, and whether care according to the circumstances was exhibited by her, it is argued, were for the jury. In support of this position, he cites many authorities; but they do not apply to these undisputed facts. Where one, in the exercise of care, and because of negligence of the railway company, finds himself in a situation of danger, he is not responsible for an error of judgment in his endeavors to escape from it. As, where one looks and listens for warning of

an approaching train, and, neither seeing nor hearing danger, then attempts to cross several tracks and is struck before reaching the last one. At a trial, after the event, it may appear that he could have escaped by increasing his speed, or by stopping, or by retracing his steps; but the traveler is not held up to a rigidly correct judgment, when decision is to be made on the instant in face of imminent peril; it is for the jury to say whether he exercised care according to the circumstances. All the cases cited by the learned counsel for appellant, are based on this rule. Plaintiff's own evidence showed that, where she stopped in front of the drug store, a locomotive approaching from the direction this one came, could be seen for only forty-one feet; then she walked in the direction of the track, and within six or seven feet of it the locomotive could have been seen a long distance off. At that point she was entirely safe, being about three steps from danger; yet she stepped on the track, and was struck the moment her foot touched it. The negligence on her part is so manifest that it would be a travesty on judicial trial to submit that fact to a jury. Could any jury, from the weight of the evidence, say that it was care according to the circumstances to stop in front of the drug store to look for a train where she could not see one if coming, and not stop and look when approaching the track where she could see one, and with absolute certainty avoid the danger? It neither tends to justice nor respect for the law, for courts to sanction absurdities. Every one is conscious, on the facts proven, that this unfortunate woman was grossly negligent when she stepped right in front of a moving locomotive. If she looked when she approached the track, then she saw the locomotive, and we are necessarily driven to but one conclusion, that she committed suicide, for then she deliberately took three steps into certain death. Of course, this is a wrong conclusion from the facts. The one which the learned judge of the court below came to, is, without doubt, the correct one; that, thoughtlessly and negligently, she attempted to cross a dangerous railroad track, without stopping to look. And his ruling is sustained by all the cases, notably that of Marland v. Railroad Co., 123 Pa. 487.

The exceptions taken, and errors assigned, to defendant's cross-examination of plaintiff's witnesses are not sustained. The questions put to Frederick Lorenze, an engineer called by

plaintiff, were as to points on a map made by him, which plain·
tiff put in evidence; those put to Samuel Culp, also, a witness
called by plaintiff as to points marked on the map, were clearly
admissible. They testified in chief as to the correctness of the
map, and the location of certain objects marked upon it. It
was proper, then, for defendants to cross-examine them as to
other points and distances of the locality upon the same map,
if for no other purpose than to test the accuracy of the wit-
ness's knowledge and observation.

As to the rejection of the offer to prove that, after the acci-
dent, defendants had employed a night watchman at this cross-
ing, it was wholly irrelevant, because the deceased was not
killed at night, but in the daytime. But certainly, in the view
taken by the learned judge of the evidence, no harm resulted
to plaintiff, for, in entering the nonsuit, he necessarily assumed
negligence on part of defendants.

The judgment is affirmed, and the appeal is dismissed at costs
of appellant.