# Moose Brewing Company, Appellant, v. Pennsylvania Railroad Company.

*Negligence—Railroads—"Stop, look and listen"—Grade crossings.*

Where a collision takes place at a railroad crossing at the moment when a person enters upon the tracks, such person cannot recover for injuries sustained, no matter what his testimony may be as to stopping, looking and listening, because the fact of an immediate collision conclusively proves that he did not exercise his senses as to the approaching train. There is no difference in the application of this doctrine as to foot passengers and carriage passengers.

A driver on approaching a grade crossing, stopped his team which was drawing a heavily loaded wagon, about thirty feet distant from the crossing, and at the foot of an incline about six feet lower than the track. He had an unobstructed view of about 300 feet in the direction from which a train came. After having looked and listened, and not seeing or hearing a train, he started up the grade on a slow pull, and continued until the horses entered upon the track. One of the horses was immediately struck by a train. During the whole distance from the point of stoppage to the tracks there was nothing to distract the driver's attention, nor to obstruct his view. *Held*, that there could be no recovery against the railroad company.

Argued April 16, 1908. Appeal, No. 159, April T., 1908, by plaintiff, from judgment of C. P. No. 2, Allegheny Co., July T., 1905, No. 166, on verdict for defendant non obstante veredicto in case of Moose Brewing Company v. Pennsylvania Railroad Company. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before SHAFER, J.

The opinion of the Superior Court states the facts.

*Error assigned* was in entering judgment for defendant non obstante veredicto.

*E. W. Arthur*, with him *W. S. Thomas*, for appellant.

*James R. Miller*, with him *Patterson, Sterrett & Acheson*, for appellee.

OPINION BY ORLADY, J., July 19, 1908:

The plaintiff's driver, on approaching a grade crossing, stopped his team, which was drawing a heavily loaded wagon, about thirty feet distant from the crossing and at the foot of an incline, about six feet lower than the tracks. His reason for so doing was said to be that that was the usual and ordinary place for travelers to stop so as to look and listen for an approaching train, and, second, that it was easier for him to stop there than on any part of the incline with his heavy load, and then start again. After having looked and listened, and not seeing or hearing a train, he started up the grade on a slow pull and continued until the horses entered upon the tracks, "That is, they were just about ready to go on the track when I looked down the track and saw the train. It just hit one horse and dragged him in between those posts. The horse was just stepping on the track, was just a little over the rail, I suppose."

The driver had an unobstructed view, on a clear day, for about 300 feet in the direction from which the train came, and with nothing to distract his attention, and without making any second stop before entering upon the track, and the accident was clearly the result of his not continuing to look until the time his horses stepped on the track. In Holden v. Pennsylvania Railroad Co., 169 Pa. 1, the Supreme Court held that where the collision takes place at the moment when the party enters upon the tracks, he cannot recover, no matter what his testimony may be as to stopping, looking and listening, because the fact of an immediate collision conclusively proves that he did not exercise his senses as to the approaching train.

In this case, as in Carroll v. Railroad Co., 12 W. N. C. 348; Penna. Railroad Co. v. Bell, 122 Pa. 58, and Marland v. Pitts. & Lake Erie R. R. Co., 123 Pa. 487, it is necessarily true that if he made use of his eyesight, he must have seen the approaching train. He could not possibly have looked along the track in the direction of the approaching train, and have failed to see it, since his presence on the track and the collision were simultaneous. In the application of this rule, the decisions are now clear that there is no difference in the application of the doc-

trine as between foot passengers and carriage passengers: Holden v. Pennsylvania R. R. Co., 169 Pa. 1.

Doubtless it was easier for his team, and more convenient for the driver to make a continuous haul up the slope of the crossing, rather than to stop on this grade, but this convenience must yield to the imperative duty imposed on him by the law, not only to keep a vigilant and continuous outlook, but to stop if a second place affords any increased facility to discover impending danger: Cookson v. Pitts. & Western Ry. Co., 179 Pa. 184.

While his first stop for observation was at the place recognized by travelers on that road, as the proper one, yet under his own testimony he had a perfectly safe place to stop, inconvenient though it may have been for him, before he entered upon the track, and in this particular he makes the accident the result of his own contributory negligence. He does not pretend to say that the foot of the grade was the best place to stop before entering upon the track, and if he had even looked and listened, without stopping, immediately before going upon the track, it is manifest that the accident would not have occurred.

The judgment for the defendant non obstante veredicto is affirmed.