# Smith v. Pennsylvania Railroad Company, Appellant.

*Negligence—Railroads—Railroad crossings—Stop, look and listen —Contributory negligence.*

Where, in an action to recover damages from a railroad company for personal injuries sustained by plaintiff at a street crossing in a city, in consequence of being struck by a moving car, it appeared from plaintiff's testimony, on cross-examination, that just as he stepped upon the tracks he saw the front and side of the car nearest him, a moment before receiving his injury and too late to avoid the contact, the conclusion was unavoidable that he failed to take proper precaution for his safety, and it was not material that he said in his examination in chief that he stopped, looked and listened immediately before attempting to cross, and the trial judge should have directed a verdict for defendant.

Argued Jan. 11, 1917. Appeal, No. 157, Jan. T., 1916, by defendant, from judgment of C. P. No. 4, Philadelphia Co., March T., 1914, No. 5394, on verdict for plaintiff, in case of Walter Smith v. The Pennsylvania Railroad Company. Before MESTREZAT, POTTER, STEWART, MOSCHZISKER and FRAZER, JJ. Reversed.

Trespass to recover damages for personal injuries. Before AUDENRIED, P. J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $5,000 and judgment thereon. Defendant appealed.

*Errors assigned,* among others, were in refusing to direct a verdict for defendant and in refusing to enter judgment for defendant n. o. v.

*E. J. Sellers,* of *Sellers & Rhoads,* for appellant.

*Linwood L. Hallman,* for appellee.

OPINION BY MR. JUSTICE FRAZER, February 19, 1917:

Plaintiff sues to recover damages for injuries sustained on the evening of February 14, 1910, between eight and nine o'clock, by being struck by a moving car of defendant company at a street crossing in the City of Philadelphia. At the place of the accident defendant's tracks are laid on Swanson street, an unopened thoroughfare, and cross Mifflin street, an open and considerably used highway.

The court below refused defendant's request for binding instructions in its favor, and submitted to the jury the question of negligence on the part of defendant, and contributory negligence of plaintiff. The jury returned a verdict for plaintiff, and, upon refusal of the court below to sustain motions on behalf of defendant for a new trial and for judgment non obstante veredicto, defendant appealed. The sole question raised by the assignments of error is whether the court erred in its refusal to direct a verdict and to enter judgment for defendant.

The car which injured plaintiff was, at the time, being pushed southwardly on Swanson street, approaching the Mifflin street crossing. At the crossing are three tracks, one a siding and two main tracks. A light snow was falling at the time of the accident, and plaintiff testified he "stopped, looked and listened" after passing the siding and reaching the first of the main tracks; that the car which struck him was coming from the north, and his view of the tracks in that direction was obstructed by a board fence, extending within three and one-half feet of the railroad. He also stated that, at the time he stopped,

he neither saw nor heard the train approaching, and upon proceeding to cross to the opposite side of Swanson street was struck, immediately upon stepping on the first rail of the middle, or westbound, track. On cross-examination he admitted seeing the front part and the side of the car nearest him a moment before receiving his injury, but too late to avoid the contact. He was found lying along the west side of the track, ten or fifteen feet south of the crossing, with one leg over the west rail of the westbound track, where it had apparently been run over by the train, and severed from the body.

Defendant called a number of its employees, who were in charge of the train on the night of the accident, who testified that warning of its approach was given by ringing the bell; that lights were displayed on the front end of the car; and that the train was moving at the rate of six or seven miles an hour: none of these witnesses, however, saw the accident. There is evidence that plaintiff was seen on the street, near the place of the accident and a short time before it occurred, in an intoxicated condition; and, while he denied that he was under the influence of liquor on that evening, he admitted being in company with friends in a saloon, and taking two or three drinks of liquor.

Assuming the truth of plaintiff's statement that the train was not provided with lights, and approached without warning, and also taking for granted that he was not intoxicated, his own testimony clearly establishes that he saw the car almost at the instant he was struck, consequently the conclusion is unavoidable that he failed to take proper precautions for his safety. Though snow was falling at the time, and plaintiff stated he could scarcely see the opposite side of the street, even this limited vision, considering the slow movement of the train, was ample to enable him to avoid the collision, had he stopped and looked, as he testified he did. His admission that immediately before coming in contact with the car he saw its front and side, clearly indicates a fail-

ure on his part to look until too late, and that he walked directly in front of the moving train. Under such circumstances, it is useless for plaintiff to say he looked and listened, and did not see the approaching train, at the time within a few feet of where he stood, which he could not have failed to both see and hear, had he taken such precautions for his safety as the circumstances required. In Carroll v. Railroad, 12 W. N. C. 348, 349, this court said: "The injury received by plaintiff was attributable solely to his own gross carelessness. It is vain for a man to say that he looked and listened, if, in despite of what his eyes and ears must have told him, he walks directly in front of a moving locomotive." The same doctrine was applied in Penna. R. R. Co. v. Bell, 122 Pa. 58; Maryland v. Pittsburgh & Lake Erie R. R. Co., 123 Pa. 487; Blight v. Camden & Atlantic R. R. Co., 143 Pa. 10; and is also applicable here.

The judgment is reversed, and judgment directed to be entered for defendant non obstante veredicto.