# The North Pennsylvania Railroad Company *versus* Mahoney.

57   187
191   427
57        187
d 21 SC ³255

1. To a child of tender years no contributory negligence can be imputed.

2. An injured party is not precluded from recovery against one joint tort-feasor because others have borne a share in it.

3. Torts by several persons are joint or several at the election of the injured party, but only one satisfaction can be recovered.

4. There is no contribution amongst tort-feasors.

5. A person not in charge of a child of tender years, took it into her arms with intention to protect it, fell with it on a railroad track and the child was injured by the engine. An action would lie against such person at the suit of the child.

6. Nothing but necessity or inevitable accident excuses a trespass.

7. A child of tender years for the purpose of protection was taken into the arms of a person to whose care she had not been intrusted, and by the negligence of such person was injured by an engine. *Held*, that such negligence was not contributory negligence so as to discharge the railroad company, their servants having also been negligent.

February 7th 1868. Before THOMPSON, C. J., STRONG, AGNEW and SHARSWOOD, JJ. READ, J., at Nisi Prius.

Error to the District Court of *Philadelphia*: No. 195, to July Term 1867.

This was an action on the case at the suit of Ellen Mahoney, by her next friend, John Mahoney, against the North Pennsylvania Railroad Company: the writ was issued to June Term 1865 of the District Court.

The action was for negligence by the defendants in running over the plaintiff with a tender of their engine.

On the trial, the evidence was, that at about one o'clock in the afternoon, the plaintiff, who was about four years of age, and another child, who was the child of a Mrs. Farr, were playing on the west side of American street, on which are the defendants' railroad tracks, near Oxford street. Mrs. Farr was the aunt of

[North Pennsylvania Railroad Co. *v.* Mahoney.]

the plaintiff. She heard the engine-bell ringing, and when she saw the children she called to them to stay where they were for fear of the locomotive. When they heard her calling the children both came running towards her over towards the east side of the street. Mrs. Farr went and met them and got them on to the west side, on or near the pavement, where she let them go and slapped her own child. She then saw that the plaintiff had run towards the east side, and was between the two tracks. Mrs. Farr ran after the plaintiff, caught her and turned, with the plaintiff under her arm, to go to the west side. She met her own child, who avoided her, and crossed safely to the east; she reached for her child, her feet caught in the west rail of the east track, she was struck by the tender of the engine, which came from the north with the tender foremost. The tender passed over the child's arm and seriously injured it, and also hurt Mrs. Farr so badly that she died shortly afterwards. When Mrs. Farr attempted to cross the track the tender was but a few feet from her.

There was evidence for the plaintiff that there was no guard on the tender; that wood was piled so high on it that the engineer and fireman could not see over it; that the engineer and fireman were in the engine-house looking from a little window in it; that they could not see immediately before the tender at all, but by putting their heads out the window, could see to a distance of forty or fifty feet before the tender; that the accident could have been avoided if they had been looking; that it was unusual for a tender in that street to be before the engine; that the engine was going very rapidly; that it was a thickly-settled neighborhood, in the vicinity of a number of schools, with other facts tending to establish negligence.

The defendants gave evidence that the engine was moving very slowly, with the bell ringing; that the engineer and fireman were watching the track with proper care, and other facts tending to disprove negligence.

The defendants submitted the following points :—

1. An attempt of a foot passenger to cross a railroad track, after notice of an approaching locomotive, constitutes negligence on the part of such foot passenger, and the railroad company is not liable for any accident which may occur to the foot passenger under such circumstances.

2. Where a child is under the charge and control of a grown person at the time of attempting to cross a railroad track, and an accident occurs to the child, the child cannot recover damages if the negligence of the person in charge of it contributed to produce the accident.

3. If the jury believe that the plaintiff's aunt, who was in

[North Pennsylvania Railroad Co. v. Mahoney.]

charge of her, could, by the exercise of reasonable care, have avoided the accident, the defendants are not liable in this suit.

4. The presence of the defendants' railway track was of itself a warning to the plaintiff and the person who had her in charge, of danger in crossing the same, and in the absence of evidence of the exercise of reasonable care on the part of Mrs. Farr in crossing the track, the verdict of the jury must be for the defendants.

5. Under the evidence, the accident was caused by the negligence of the plaintiff's aunt in attempting to cross defendants' track with the plaintiff in her arms, after notice of an approaching locomotive, and the plaintiff cannot recover in this suit.

6. There is no sufficient and legal evidence on the part of the plaintiff that Mrs. Farr, who was in charge of the child, had exercised due care on her part, in crossing defendants' track, and therefore the plaintiff is not entitled to recover.

7. There is no sufficient evidence of negligence on the part of the defendants to entitle the plaintiff to recover in this suit.

The judge below declined to charge as requested by the defendants, and reserved all the points.

The jury found a verdict for the plaintiff for $2500.

Judgment was afterwards entered for the plaintiff on the points reserved; the opinion of the court having been delivered by Sharswood, P. J.:—

"We think there was evidence of neglect in the servants of the defendants sufficient to justify the verdict. It is not necessary here to say whether a mere scintilla is enough. On that point the finding of the jury is approved by the judge before whom the trial was had.

"The question then reserved is simply this, assuming negligence on the part of the defendants, whether the negligence of a person who, without express authority from the parents, but as an act of kindness, takes charge of an infant child, contributing to the injury, is any defence in an action by the child? In this instance the unfortunate woman who laid hold of the child to carry it across the track of the railroad, and who lost her own life in the attempt, was the aunt of the plaintiff. The plaintiff did not reside with the aunt, and no evidence was offered to show any authority in her. If, however, this was an action by the father to recover damages for the death of the child, a very different question would be presented. It would most probably be held that it was negligence to suffer such an infant to be on the streets without a care-taker, and he could not hold the defendants responsible, whether he had appointed a care-taker who was negligent or left the child to roam at large without one. To a child of plaintiff's years no contributory negligence can be imputed. Neither is the plaintiff precluded from recovery against one joint

[North Pennsylvania Railroad Co. *v.* Mahoney.]

tort-feasor, by showing that others have borne a share in it. All torts by several persons are joint or several at the election of the injured party, though but one satisfaction can be recovered, and there is no contribution among tort-feasors. Hence springs the right of a plaintiff, who has recovered several verdicts against different defendants, to elect *de melioribus damnis*. There is nothing in the case to show that plaintiff could not have included her aunt as defendant with the company or their officers, or maintained a separate action against her. How then can she be barred from this action? The English case cited and relied on by the counsel of defendants (5 Jur. Pt. 1, 1859, p. 936) was the case of the negligence of the person in charge of a child, who had taken and paid for his passage with defendants, a railroad company, and while waiting in the depot to get on board, the child was injured by the approach of another train, of which the defendants had given no notice. The defendants might well have said, we would not have received the child as a passenger without a care-taker, or if we had, we would have put him in charge of a servant, or in a place where no harm could come to him till the train was ready to start. The decisions of the New York and Massachusetts courts are certainly entitled to very high respect, but they are not authority binding upon us, and the precise point was not made or met in those cases: Hartfield *v.* Roper, 21 Wend. 615; Holly *v.* The Boston Gas Company, 8 Gray 123. In this decision we think that we are fully sustained by the opinion of our own Supreme Court in Smith *v.* O'Connor, 12 Wright 218.

"Rule discharged, and judgment for plaintiff on points reserved."

The defendants took a writ of error, and assigned for error the refusal of the court to affirm their points and entering judgment on the reserved points.

*W. R. Wister* and *M. P. Henry*, for plaintiffs in error.—1. The servants of the company were not guilty of negligence: Toomey *v.* London B. & S. C. Railroad, 3 C. B. N. S. 146; Comman *v.* Eastern Co. Railway Co., 4 Hurlst. & N. 781; Cotton *v.* Wood, 8 C. B. 568; Reeside *v.* Reeside, 13 Wright 327; P. & R. Railroad Co. *v.* Hummell, 8 Id. 377.

2. The plaintiff and the person who had her in charge were guilty of negligence: N. P. Railroad *v.* Heilman, 13 Wright 60; Pennsylvania Railroad *v.* Ogier, 11 Casey 67; Reeves *v.* Delaware and Lackawanna Railroad Co., 6 Id. 464; Chicago *v.* Major, 18 Ill. 349; Mangam *v.* Brooklyn City Railroad, 36 Barb. 238; Waite *v.* N. East Railway, 5 Jur. N. S. 936; Lynch *v.* Nurdin, 1 Ad. & E., N. S. 29; Shaw *v.* York and Midland Railway, 13 Q. B. 347.

3. The company is to be governed by the same rules of conduct

[North Pennsylvania Railroad Co. v. Mahoney.]

as regards the child who was plaintiff below, as if the child were an adult: Cox v. Burbridge, 13 C. B. N. S. 430; Singleton v. Eastern Counties Railway, 7 C. B. 287; Honeysburger v. Second Avenue Railroad (New York Court of Appeals), Leg. Intel., Oct. 18th 1867; Hartfield v. Roper, 21 Wend. 615; Oldfield v. New York and Harlem Railway, 2 E. D. Smith 103; Bannon v. Baltimore and Ohio Railroad, Am. Law Reg., June 1866, p. 478; Telfer v. N. Railroad, 1 Vroom 188; Wright v. Malden and Melrose Railway Co., 4 Allen 283; Philadelphia and Reading Railroad v. Hummel, 8 Wright 375; Rauch v. Lloyd & Hill, 7 Casey 358; Pennsylvania Railroad Co. v. Kelly, Id. 372; Philadelphia and Reading Railroad Co. v. Spearen, 11 Wright 300.

*P. Archer* and *T. Greenbank* (with whom was *L. C. Cassidy*), referred to Hughes v. McFie, 10 Jurist 682; Smith v. O'Connor, 12 Wright 218; Daley v. Norwich Railroad, 20 Conn. 591; Robinson v. Cone, 22 Verm. 213; Lockhart v. Lichtenthaler, 10 Wright 151; and commented on the authorities cited for the plaintiffs in error.

The opinion of the court was delivered, February 13th 1868, by SHARSWOOD, J.—This judgment is affirmed on the grounds stated in the opinion of the District Court on the motion for a new trial. But as some views have been urged here which were not presented below, it is proper that they should not be passed without notice.

It has been strenuously contended that Mrs. Farr, whose negligence, resulting no doubt from want of presence of mind, contributed to the injury, was not a trespasser or tort-feasor. The evidence showed that the child was not under her care, but that with the best intentions, and with the design to remove it out of the reach of danger, she attempted to cross the track of the railroad a few yards in front of the moving car, with the child in her arms, tripped and fell, which threw it under the wheel and caused the loss of its arm, and the death of the unfortunate woman herself. It is supposed that as her intention was not to injure but to benefit the child, no action would lie against her. The law is clearly not so. An action can be maintained, without regard to the motive, though no jury in such a case would give more than nominal damages. Nothing but necessity, or inevitable accident, excuses a trespass. In a case where the defendant was uncocking a gun, and the plaintiff standing by to see it, it went off and wounded him, it was held that he might maintain trespass: Underwood v. Hewson, 1 Stra. 596. No man shall be excused of a trespass except it may be judged utterly without his fault; as if a man by force take my hand and strike another, or if the defendant should plead that the plaintiff ran across

his piece when it was in the act of discharging, or set forth the case with the circumstances so as to make it appear that it had been inevitable, and that he had been guilty of no negligence to give occasion to the hurt: Weaver *v.* Ward, Hob. 134. If one of two persons fighting, unintentionally strikes a third, the absence of intention can only be urged in mitigation: James *v.* Campbell, 5 C. & P. 372. If one does an injury by unavoidable accident, an action does not lie; it is otherwise if any blame is imputable to him, though he be innocent of an intention to injure: Wakeman *v.* Robinson, 1 Bing. 213. The very foundation of the defence relied on by the plaintiffs in error was, that there was blame imputable to Mrs. Farr; that she was guilty of negligence which had contributed to produce the injury.

It has been urged, however, that if Mrs. Farr was a tort-feasor, then the only remedy of the defendant in error was against her, on the principle of Lockhart *v.* Lichtenthaler, 10 Wright 151. It was decided in that case, that where a passenger is injured by a collision resulting from the concurrent negligence of those in charge of the train, in which he was, and of another party, the carrier alone is liable. If the defendant in error had been in custody of a nurse or other person, to whose care she had been intrusted by her parents or guardian, there would be great force in this position. But there was no evidence of this. The mere relationship was not enough; nor did it appear that the parents had been accustomed to intrust the child to the care of the aunt. This, then, is like the case of a person who has been placed against his own will in a railroad car, and receives an injury by the concurrent negligence of the carrier and of another party. The doctrine of Lockhart *v.* Lichtenthaler does not apply, as the reasoning of the present Chief Justice in the opinion, and the authorities cited by him, clearly show.

It was suggested also on the argument here, with great ingenuity and commendable zeal, that though there may have been negligence in the plaintiffs in a general sense, it did not directly contribute to the injury, the proximate cause of which was the heedless conduct of the aunt. But if this was a case to which the maxim *causa proxima non remota spectatur* applied, it is very evident that the proximate cause was the motion of the train, and the negligence of the aunt the remote cause. But in truth the negligence of the plaintiffs was not mere negligence in a general sense, but contributed directly to produce the injury. That there was evidence of such negligence, not a mere scintilla, but sufficient to go to the jury, cannot reasonably be questioned. The train was backing in a public street of a closely built part of the city, at all times a dangerous operation, and requiring the exercise of great caution; the servants of the plaintiff were not on the lookout, but were in such a position that they could not see any con-

[North Pennsylvania Railroad Co. v. Mahoney.]

siderable distance in the direction of the motion; and there was contradictory evidence as to the rate of speed. The court below was right in submitting the cause to the jury, and the other errors assigned not having been sustained, the judgment must be affirmed.

Judgment affirmed.