ANNA CLEARY v. PHILA. ETC. R. CO.

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS NO. 3 OF PHILADELPHIA COUNTY.

Argued January 19, 1891—Decided February 16, 1891.

Safety gates, on a city street at a railroad crossing, are a warning of the passing of trains not only to vehicles but to pedestrians; and if, in disregard thereof, a pedestrian pass a gate in broad daylight, enter upon the crossing, and, while watching one train is struck by another and killed, his contributory negligence will prevent a recovery of damages.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

. No. 25 July Term 1890, Sup. Ct.; court below, No. 170 June Term 1888, C. P. No. 3.

On May 17, 1888, Anna Cleary brought trespass against the Philadelphia & Reading Railroad Company, to recover damages

### Statement of Facts.

incurred by the death of her husband, Martin Cleary, charged to the negligence of the defendant company. Issue.

At the trial, on January 29, 1890, the plaintiff submitted evidence of facts, which, as stated in the " History of the Case " presented on her behalf, were as follows :

" Martin Cleary was a coal and lime merchant, having his place of business at the northwest corner of Ninth and Thompson streets, in the city of Philadelphia. Ninth street at this point is occupied by the tracks of the Philadelphia & Reading Railroad Company. On the afternoon of December 8, 1887, Mr. Cleary left his office, which is immediately next to the defendant's tracks, and, having stopped, looked and listened, attempted to cross Ninth street from the west to the east side, over the upper or north crossing, and was killed by a moving train.

" At this point, there are four tracks on Ninth street, the two middle tracks being those usually used by passenger and through trains. Practically, the road was occupied by four trains, or parts of trains, near the crossing. A few moments before the accident, a shifting train on the westernmost of the four tracks, or, let us say, the first track, had divided into two parts, and the engine and tender thereof had stopped, or were moving very slowly preparatory to stopping, just north of the upper crossing at Thompson street, over which crossing Mr. Cleary attempted to pass. The safety gates over the roadway or drive of Thompson Street were down. There were no gates over the footway. On the easternmost middle track, or third track, about one hundred feet below Thompson street, a passenger train was coming northward.

" Upon his attempting to cross, Mr. Cleary was killed by another shifting train of coal cars, which were being pushed down backward on the westernmost middle, or second track, at a rapid rate of speed. Just as Mr. Cleary stepped upon the first rail of this track, he was struck. The train consisted of about twenty-five cars and the locomotive was at the other end. The train was not drawn, but pushed with engine reversed. The view of this train was impeded by the portion of the first shifting train, which as before stated, had stopped or almost stopped, a few minutes before, on the first track just above the crossing. There was no bell or whistle ; neither was there any brakeman or flagman on the end of the car which struck Mr. Cleary."

Opinion of the Court.

The plaintiff having rested, on motion of the defendant the court entered a judgment of nonsuit, with leave, etc. A rule to show cause why the judgment should not be taken off having been discharged, the plaintiff took this appeal, specifying that the court erred:

1, 2. In directing the judgment of nonsuit, and in discharging the rule to show cause, etc.

3. In deciding that the decedent was negligent in endeavoring to cross the tracks, the gates over the roadway being down, and in holding that under any circumstances, the gate being down over the cartway was such warning of imminent danger, even to pedestrians, that to attempt to cross the railroad at that time was negligence per se.

*Mr. Pierce Archer* (with him *Mr. Joseph G. Magee*), for the appellant.

Counsel cited: Phila. etc. R. Co. v. Carr, 99 Pa. 505; McNeal v. Railway Co., 131 Pa. 184; Fisher v. Railway Co., 131 Pa. 292; Penna. R. Co. v. Werner, 89 Pa. 59; Lake Shore etc. Ry. Co. v. Frantz, 127 Pa. 297.

*Mr. Gavin W. Hart,* for the appellee, was not heard.

The brief filed cited: Buzby v. Traction Co., 126 Pa. 559; Robb v. Connellsville Bor. 137 Pa. 42.

Per Curiam:

The history of the case, as it appears in the paper-book, is sufficient to justify the nonsuit entered by the court below. In attempting to cross Ninth street, the plaintiff's husband was killed by a moving train. His place of business was at the northwest corner of Ninth and Thompson, so that he was thoroughly familiar with the location. With the safety gates down, he started to cross the road at a point where there are four tracks. While he was looking at one train he was struck by another. He knew that the lowering of the gates was a danger signal; that it signified the occupation of the tracks by passing trains. We cannot assent to the proposition that the gates were intended merely to warn vehicles. On the contrary they are equally a warning to foot passengers; the principal difference being that when down a vehicle cannot pass, while a foot-

passenger, if sufficiently foolhardy, may do so.  It was also a mistake to suppose the gates were down on account of a particular train.  They were down for all trains, moving or passing at the time.  The deceased thought there was but one train. In this he was unfortunately mistaken; there were two trains, and the mistake cost him his life.  He stepped in front of a moving train in broad daylight.  Much as the accident is to be regretted, we cannot hold the company responsible.  It was guilty of no negligence.

Judgment affirmed.