Walter Sheehan, by next friend, Appellant, *v.* Phila. & Reading R. R.

*Contributory negligence—Grade crossing—" Stop, look and listen."*

Where a person goes on the track of a railroad immediately in front of an approaching train at a point where nothing intervenes to obstruct his view, the court will say as matter of law that he was guilty of negligence, notwithstanding his assertion that he stopped, looked and listened, before going upon the track.

*Crossings—Safety-gates—Contributory negligence.*

Safety gates on a city street at a railroad crossing are a warning of the passing of trains, not only to vehicles but to pedestrians; and if, in disregard thereof, a pedestrian pass a gate which is closed, in broad daylight, enter upon the crossing, and while watching one train is struck by another and killed, his contributory negligence will prevent a recovery of damages.

In such case it is a matter of no moment whether the gates were always down or not, as it appeared that a train was approaching at the time, and the gate was down.

Argued Jan. 29, 1895. Appeal, No. 223, July T., 1894, by plaintiff, from judgment of C. P. No. 3, Phila. Co., Dec. T., 1892, No. 194, entering compulsory nonsuit. Before GREEN, WILLIAMS, MCCOLLUM, MITCHELL and FELL, JJ. Affirmed.

Trespass for personal injuries. Before REED, J.

At the trial it appeared that plaintiff, a boy eighteen years of age, on June 10, 1892, was struck by defendant's train at

the intersection of Eleventh and Nevada streets, in Philadelphia. Plaintiff's evidence tended to show that the gates were always lowered and only raised when a vehicle approached to cross. It did not appear that the view of the track was obstructed at the point of the accident. Plaintiff testified that he stopped, looked and listened. The evidence also tended to show that no whistle or bell was sounded. The court entered a compulsory nonsuit and subsequently refused to take it off: 3 Dist. R. 325.

*Error assigned* was refusal to take off nonsuit.

*A. S. L. Shields,* for appellant.—The testimony, if believed, proves that defendant did so persistently keep its gates closed as to make them of no service in putting a foot passenger upon his guard.

*Gavin W. Hart,* for appellee.—The object of a closed gate being to warn, the fact that they are " always " down inevitably leads to the conclusion that at the point of their erection the danger is so excessive and perpetual that almost unlimited care and caution is necessary to insure safety, and instead of blunting the edge of caution, on part of pedestrians, it should sharpen it : Cleary v. R. R., 140 Pa. 19.

It is vain for a man to say he stopped, looked, and listened if, in despite of what his eyes and ears must have told him, he walked in front of a moving train : Carroll v. R. R., 12 W. N. 348 ; Moore v. R. R., 108 Pa. 349 ; Marland v. R. R., 123 Pa. 487 ; Myers v. R. R., 150 Pa. 386 ; Bell v. R. R., 122 Pa. 58 ; Irey v. R. R., 132 Pa. 563 ; Kraus v. R. R., 139 Pa. 272 ; Cleary v. R. R., 140 Pa. 19 ; Blight v. R. R., 143 Pa. 10 ; Hauser v. R. R., 147 Pa. 440 ; Ash v. R. R., 148 Pa. 133 ; Schmidt v. R. R., 149 Pa. 357 ; Matthews v. R. R., 148 Pa. 491 ; Urias v. R. R., 152 Pa. 326 ; Smith v. R. R., 160 Pa. 117.

PER CURIAM, Feb. 18, 1895 :

That the plaintiff went upon the track of the railroad immediately in front of an approaching train is conclusively proved by the fact of the collision. We have so often ruled that this is negligence, no matter what the plaintiff said about his stop

ping, looking and listening, that it is unnecessary to cite the authorities by anything more than the merest reference: Carroll v. R. R., 12 W. N. 348; Moore v. R. R., 108 Pa. 349; Marland v. R. R., 123 Pa. 487; Myers v. R. R., 150 Pa. 386. There are many others to the same effect. Upon this view only of the plaintiff's case the nonsuit was properly ordered.

But in addition to this it was fully proved and is not disputed, that the accident occurred on a street of the city at a place where the street was crossed by the tracks of the railroad, and that the gates were down when the plaintiff attempted to cross the tracks.

In the case of Cleary v. R. R., 140 Pa. 19, we held that safety gates on a city street at a railroad crossing are a warning of the passing of trains not only to vehicles but to pedestrians; and if, in disregard thereof, a pedestrian pass a gate in broad daylight, enter upon the crossing, and while watching one train is struck by another, and killed, his contributory negligence will prevent a recovery of damages.

Undoubtedly that case rules this. Here a train was approaching, the gate was down as it should be, and the plaintiff was thereby warned of danger. He paid no attention to the warning and received his injury as the direct consequence of his own negligence. It is a matter of no moment whether the gates were always down or not. In this particular instance the train was approaching and the gate was down, and the defendant discharged its duty in that regard. If the plaintiff had performed his duty he would not have been injured.

Judgment affirmed.