Ellis *v.* Pennsylvania Railroad Company, Appellant.

216   415
f40SC 227

*Negligence—Railroads—"Stop, look and listen"—Grade crossings.*

In an action against a railroad company to recover damages for death of plaintiff's husband, it appeared that the deceased was killed at a grade crossing where there were five tracks, in a borough. He used the crossing daily, and was familiar with all its surroundings. Just before starting to cross the tracks, he stopped and looked east and west. He then walked leisurely over the crossing and was struck by the engine of an express train running east on the fourth track. The road west from the crossing

was practically straight for 1,685 feet, and it was actually straight a distance of 1,445 feet.   It was daylight and there was nothing to obstruct his view of the train.   The testimony of the only witness to the occurrence called by the plaintiff was that the train was in clear view at a distance of 1,445 feet when the deceased started to cross the tracks.   Whether it was in view when he looked did not appear from the testimony.   *Held*, (1) that the conclusion was irresistible, that the deceased saw the train and took the chance of crossing in front of it; and (2) that it was error to submit the case to the jury.

Argued Oct. 23, 1906.   Appeal, No. 50, Oct. T., 1906, by defendant, from judgment of C. P. No. 3, Allegheny Co., May T., 1904, No. 356, on verdict for plaintiff in case of Mary Elizabeth Ellis v. Pennsylvania Railroad Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, ELKIN and STEWART, JJ.   Reversed.

Trespass to recover damages for death of plaintiff's husband.   Before EVANS, J.

The facts are stated in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $3,700.   Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*M. W. Acheson, Jr.*, of *Patterson, Sterrett & Acheson*, for appellant, cited : Myers v. B. &. O. R. R. Co., 150 Pa. 386 ; Kinter v. Penna. R. R. Co., 204 Pa. 497.

*A. W. Duff*, with him *H. E. Carmack*, for appellee, cited : Cohen v. Phila. & Read. R. R. Co., 211 Pa. 227 ; Ayers v. Pittsburg, etc., Ry. Co., 201 Pa. 124 ; Confer v. Penna. R. R. Co., 209 Pa. 425 ; Cromley v. Penna. R. R. Co., 208 Pa. 445 ; Davidson v. Ry. Co., 179 Pa. 227 ; Carroll v. Penna. R. R. Co., 12 W. N. C. 348 ; Beach v. Penna. R. R. Co., 212 Pa. 567 ; McNeal v. Pittsburg, etc., Ry. Co., 131 Pa. 184 ; Muckinhaupt v. Erie R. R. Co., 196 Pa. 213.

OPINION BY MR. JUSTICE FELL, January 7, 1907 :

The only question to be considered is whether the facts shown by the plaintiff's testimony bring the case within the

established rule that one who goes in front of a moving train which he had ample opportunity to see and avoid will be conclusively presumed to have been negligent.

The plaintiff's husband was killed at a grade crossing of the defendant's road, where there were five tracks, in the borough of Wilkinsburg. He used the crossing daily and was familiar with all the surroundings. Just before starting to cross the tracks, he stopped and looked east and west. He then walked leisurely over the crossing and was struck by the engine of an express train running east on the fourth track. The road west from the crossing was practically straight for 1,685 feet, and it was actually straight to Penn avenue, a distance of 1,445 feet. It was daylight and there was nothing to obstruct his view of the train.

The testimony of the only witness to the occurrence called by the plaintiff was distinct that the train had crossed Penn avenue and was in clear view when the deceased started to cross the tracks. Whether it was in view when he looked did not appear from the testimony, and the case was submitted to the jury on the narrow question whether the train came in view after the deceased had looked. This submission allowed the jury to base its verdict on a mere supposition that was unsupported by the testimony and was in conflict with any conclusion that could be drawn from it. The deceased was walking, there was nothing to interfere with his view or to distract his attention. He stopped close to the first track, looked east, then west toward the train and as he started forward the train was in clear view east of Penn avenue and it had been in clear view while traveling 240 feet before it reached the avenue. Looking and starting forward required but an instant; there was no appreciable time between these acts. The conclusion is irresistible that the deceased saw the train and took the chance of crossing in front of it.

The judgment is reversed and judgment is now entered for the defendant.