# Gress, Appellant, *v.* Philadelphia & Reading Railway Company.

*Negligence—Railroads—Infant—Presumption of incapacity—Contributory negligence—Evidence.*

1. In an action to recover damages for the death of a child killed under circumstances which would have absolutely precluded recovery in the case of an adult, where it appears that the child lacked but a few days of being fourteen, the presumption of incapacity to appreciate and avoid danger is very feeble, and is clearly rebutted by testimony showing that the child had had years of experience in connection with the very danger which was risked and possessed unusual capacity in other affairs.

*Negligence—Imputed negligence—Parent and child—Delegation of authority—Contributory negligence.*

2. Where a parent commits a child six years old to its sister fourteen years old, competent for her age as caretaker and the child is killed in an accident through the contributory negligence of the sister, the latter's negligence must be imputed to the parent in an action by the parent to recover damages for the death.

MESTREZAT, ELKIN and MOSCHZISKER, JJ., dissent.

Argued May 9, 1910. Appeal, No. 46, Jan. T., 1909, by plaintiffs, from judgment of C. P. Lebanon County, March T., 1907, No. 93, on verdict for defendant in case of George Gress and Mary, his wife, v. Philadelphia & Reading Railway Company. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for death of two children. Before EHRGOOD, P. J.

The facts appear in the opinion of the Supreme Court.

*Error assigned* was in giving binding instructions for defendant.

*Walter C. Graeff,* for appellants.—The court was not warranted in holding the older child guilty of contribu-

tory negligence as a matter of law: Pyne v. R. R. Co., 212 Pa. 143; Penna. Coal Co. v. Nee, 13 Atl. Repr. 841; Strawbridge v. Bradford, 128 Pa. 200; Kilkeary v. Thackery, 165 Pa. 584.

The contributory negligence of Julia Gress should not be imputed to the plaintiffs: Metzler v. Phila. & Reading Ry. Co., 28 Pa. Superior Ct. 180; Murray v. Scranton Ry. Co., 36 Pa. Superior Ct. 576; Kroesen v. Ry. Co., 198 Pa. 36; Daubert v. R. R. Co., 199 Pa. 345; Pittsburg, A. & M. Ry. Co. v. Pearson, 72 Pa. 169; Harkins v. Traction Co., 173 Pa. 146.

*Charles H. Killinger* and *Jefferson Snyder,* for appellee.—Julia Gress, although a minor, was guilty of contributory negligence: Parker v. Street Ry. Co., 207 Pa. 438; Smith v. Hestonville, etc., Pass. Ry. Co., 92 Pa. 450; Tucker v. N. Y. Cent. & H. R. R. Co., 124 N. Y. 308 (26 N. E. Repr. 916); Payne v. Chicago & A. R. Co., 38 S. W. Repr. 308.

The contributory negligence of Julia Gress should be imputed to her parents: Pittsburg, etc., Pass. Ry. Co. v. Caldwell, 74 Pa. 421; North Penna. R. R. Co. v. Mahoney, 57 Pa. 187; Faust v. P. & R. Ry. Co., 191 Pa. 420; Bellefontaine Ry. Co. v. Snyder, 24 Ohio St. 670; Atlanta, etc., Ry. Co. v. Gravitt, 26 L. R. A. 553.

OPINION BY MR. JUSTICE STEWART, July 1, 1910:

The action was brought by the plaintiffs to recover damages for the loss of two of their children, a girl and a boy, who were killed while attempting to pass over the tracks, five in number, of the defendant company, at a public crossing in Lebanon, by a passing train. The girl was fourteen years old, lacking ten days; the boy was about six. The accident occurred at midday while the children were on their way home from school in company with many others. When they approached the crossing, they found the gate down, arresting their further progress. While standing there a box car was shunted from the

east, which, while it did not entirely clear the crossing at the point where it rested, left unobstructed so much of the crossing as was directly in front of the point where the children stood, but concealed from their view the tracks beyond that on which it rested, to the west. This being the situation the children with a view of crossing over passed under the gate. They ran across the first track, the girl leading the boy, directly in the rear of the shunted car which was at rest on the second track; and without stopping continued over the next track beyond, still running, and then entered upon the third track, when the boy fell. While his sister was helping him to his feet, both children were struck by a train coming from the west. The negligence alleged was failure to give proper signal of the approach of the train, and undue rate of speed. The trial judge directed a verdict for the defendant on the ground of contributory negligence. This is the only feature of the case that calls for present consideration. Of course, for an accident occurring under such circumstances to an adult, there would be no liability on the part of the railroad company. Contributory negligence would defeat recovery in such case. Is it sufficient here? The action is by the parents. If both these children were lacking in capacity to understand and appreciate the danger to which they would necessarily be exposed in attempting to cross over the tracks of a railroad under such conditions as were here present, then clearly, the parents were negligent of their duty in allowing them to thus expose themselves. Either they should have restrained them, or put them in the care of one who would. No one knew quite so well as they the capacity of the children to avoid danger. The only inference to be derived from the testimony of the father is, that he had confidence in the ability of the older one, the girl, and that he intrusted to her care the safety of the younger. Upon no other theory could his conduct with respect to the younger child be excused or extenuated. To suffer a child of such tender years unattended

to attempt a crossing such as this four times daily, could only be characterized as extreme negligence. The girl had been attending this same school for some five or six years, during all this time crossing these tracks four times daily; the father had repeatedly instructed her as to the care which she should observe in crossing over; she was a bright intelligent girl, over five feet in height, well and strong, accustomed to house work, and capable beyond her years, as the evidence clearly establishes. When asked whether she performed services about the house, the father answered, "Yes, sir, everything in the house that could be done." He then indicated, scrubbing, washing, helping at cooking. He further said she was well built and strong, milked cows, helped to cook, washed and scrubbed. This testimony of the father derives added significance from the fact that his business was that of a landlord. John Ross, a witness called by plaintiffs, testified that he had seen her do all kinds of household work; that she was intelligent enough to look out for accidents from railroad trains, and to know what safety gates were used for. When asked the direct question whether he had put the boy in charge of the girl, the father's reply was, "Well, they were together, they always were together." Again when asked, "But you never trusted the boy alone over that railroad; you trusted him to go with his sister?" He replied, "They always went together." The testimony above referred to as to the capacity of the girl, showed that the father had at least some reason to believe in her ability to take care of her younger brother; and while he does not say that he intrusted the boy to her care, it admits of no other conclusion than that he did. From the evidence in the case, several conclusions are unavoidable. First: if it would have been negligence in an adult to attempt to cross over the tracks under the conditions we have here, it was negligence in the girl to make the attempt. The legal presumption of her incapacity to appreciate and avoid injury had reached that point in the diminish-

ing scale when it was almost a negligible quantity. She was within ten days of being fourteen years old, when the presumption would have been just the opposite. Against this feeblest presumption in her case is the testimony as to her years of experience in connection with the very danger which she here risked, and her unusual capacity in general affairs. "In clear cases where the facts are settled and there can be no reasonable doubt as to the inference to be drawn, the question may be determined by the court as matter of law:" Parker v. Washington Electric St. Ry. Co., 207 Pa. 438. Second: the only inference derivable being that the father had committed the younger child to the sister as a caretaker, and the accident having occurred through the contributing negligence of the sister, the latter's negligence must be imputed to the father, the action being for his benefit. The caretaker was of his own selection: she stood towards her brother in loco parentis by the parent's own appointment, and for any loss which resulted to him from her negligence, no right of action could arise. It seems to be true that in our own state no express adjudication is to be found where this doctrine has been asserted and applied, and yet cases are not wanting where the doctrine is impliedly recognized. In North Penna. R. R. Co. v. Mahoney, 57 Pa. 187, it is said by SHARSWOOD, J., "If, however, this was an action by the father to recover damages for the death of the child, a very different question would be presented. It would most probably be held that it was negligence to suffer such an infant to be out on the streets without a caretaker, and he could not hold the defendant responsible, whether he had appointed a caretaker who was negligent, or left the child to roam at large without one." Kroesen v. Newcastle Electric St. Ry. Co., 198 Pa. 30, impliedly recognizes the rule. There can be no question as to the general rule "Imputable contributory negligence which will bar the plaintiff from recovery, exists when the plaintiff, although not chargeable with personal negligence, has been by the negligence

of a person in privity with him, and with whose fault he is chargeable, exposed to the injury which he received through the negligence of the defendant. In cases of this character, if the negligence of the person exposing the plaintiff to injury is a proximate cause of the injury, the plaintiff cannot recover, because the contributory negligence of such person will be imputed to him:" 7 Am. & Eng. Ency. of Law (2d ed.), 445. The numerous cases cited in support of the text show how generally the rule obtains. It is supported by abundant reason and we accept it as the law. It follows that the learned trial judge committed no error in declining to take off the nonsuit which he had directed.

The assignments of error are overruled and the judgment affirmed.

MESTREZAT, ELKIN and MOSCHZISKER, JJ., dissenting:

In our opinion the question of the contributory negligence of the child was for the jury and not for the court, therefore we dissent from the views expressed in the majority opinion.