**WITIAK v. DELAWARE & H. R. CORPORATION.**

No. 1760.

District Court, M. D. Pennsylvania.
April 9, 1945.

Leon M. Levy, Thomas F. Hanahue, and Everett A. Rosser, all of Scranton, Pa., for plaintiff.

Paul Bedford, of Wilkes Barre, Pa., for defendant.

WATSON, District Judge.

The plaintiff, Peter Witiak, administrator of the estate of Evelyn Witiak, deceased, sued the Delaware & Hudson Railroad Corporation to recover damages claimed to be due from the defendant as the result of an accident when Evelyn Witiak was struck by a train of defendant, was seriously injured, and died as a result a few hours after.

The defendant has moved to dismiss the action for the reason that the complaint fails to state a cause of action upon which relief can be granted.

In considering the motion we must take all that is alleged in the complaint as true and, in doing so, the pertinent facts appear to be as follows: February 19, 1944, at about 11:45 A.M., Evelyn Witiak, an adult woman over thirty years of age, was walking on the highway in the Borough of Olyphant, Pennsylvania, and had arrived at a point on South Valley Avenue where the defendant's tracks crossed South Valley Avenue when she stopped; that she stood near the track and was side-struck by a southbound train of the defendant, was severely injured, and died as a result a few hours thereafter; that the defendant maintained gates at the crossing which extended across the highway but not over the

sidewalk; that the gates were down, and that Evelyn Witiak stood at the point over which the gates did not extend; that Evelyn Witiak stood at a point customarily used and occupied by persons of Olyphant Borough and vicinity at times when the gates were down and trains were expected to pass at that point; and that defendant's employees were aware of such custom but gave no warning of the train's approach by bell or whistle.

The main question is, was Evelyn Witiak guilty of contributory negligence; if so, there can be no recovery by the plaintiff, and this action should be dismissed.

While it is true that a man or woman killed in an accident must be presumed to have been in the exercise of due care, it is also true that such presumption may be rebutted either by proof or by facts alleged in the complaint which, as I have already said, are taken as true in considering this motion. The train was approaching, the gates were down as they should have been, and Evelyn Witiak was warned of the danger. The gates were not to prevent Evelyn Witiak from crossing the track or coming upon the track, but were a signal that the crossing was for the time being to be used for the passing of trains. She paid no attention to the warning but took a position on the track, or near enough to the track, to be struck by the train. There was no duty whatever upon the defendant to maintain a gate which extended over the sidewalk. Gates are not intended to be such obstacles as will make it impossible for a person to go upon the tracks, but are only to give warning. Evelyn Witiak, if she looked at all could have seen the gate which was down only a few feet from her. She knew that it was a warning to her that a train was coming and, notwithstanding that, she placed herself in a position where she was struck by the train.

The fact that persons were accustomed to stand, when the crossing gates were down, at the point where Evelyn Witiak was struck does not excuse her for disregarding the warning. It is possible that many others were struck at that same point for they would have been if they acted in accordance with the custom. It is true that what persons customarily do under similar circumstances is usually the test of ordinary care, but the exception to that is when the doing of an act is so obviously dangerous as to constitute negligence as a matter of law. It is customary for persons to drive upon a railroad track relying upon not having heard a train or any signal and taking no further precaution. Such, however, is not consistent with ordinary care. If a driver cannot otherwise be sure whether a train is dangerously near, he must stop and get out of his vehicle before attempting to cross and, if he fails to do so and is struck by a train on the track, he is guilty of contributory negligence regardless of custom. Standing upon a track when being warned of an approaching train is also inconsistent with ordinary care regardless of custom. In Sheehan v. Philadelphia & Reading R. Co., 166 Pa. 354, 31 A. 120, the pertinent facts were similar to those in the present case, and, there, the Supreme Court affirmed the entering of a compulsory nonsuit by the lower court. In the opinion, the Court said: "Here a train was approaching, the gate was down, as it should be, and the plaintiff was thereby warned of danger. He paid no attention to the warning, and received his injury as the direct consequence of his own negligence. It is a matter of no moment whether the gates were always down or not. In this particular instance the train was approaching, and the gate was down, and the defendant discharged its duty in that regard. If the plaintiff had performed his duty, he would not have been injured." See also Cleary v. Philadelphia & Reading R. Co., 140 Pa. 19, 21 A. 242; and Gress v. Philadelphia & Reading R. Co., 228 Pa. 482, 77 A. 810, 32 L.R.A.,N.S., 409, 21 Ann.Cas. 142.

Under the facts here presented, the decedent, Evelyn Witiak, was guilty of such contributory negligence as prevents a recovery for her death. The accident was to be regretted, but the Railroad Company cannot be held responsible on the facts alleged in the complaint.

Now, April 9, 1945, the motion to dismiss the action is granted, and this action is dismissed.