**Nicholas WYSOCHANSKY, Administrator of the Estate of Anna Marie Wysochansky, and Nicholas Wysochansky, as Trustee ad Litem, Appellant, v. DELAWARE & HUDSON RAILROAD CORPORATION.**

No. 9835.

United States Court of Appeals
Third Circuit.

Argued May 5, 1949.

Decided May 9, 1949.

Raymond Bialkowski, Scranton, Pa. (Maurice V. Cummings, Scranton, Pa., on the brief), for plaintiff-appellant.

Paul Bedford, Wilkes-Barre, Pa. (Michael H. Sheridan, Washington, D. C., Benjamin R. Jones, Jr., Wilkes-Barre, Pa., Joseph Rosch, Albany, N. Y., Thomas L. Ennis, New York City, on the brief), for defendant-appellee.

Before MARIS, GOODRICH, and McLAUGHLIN, Circuit Judges.

PER CURIAM.

In this case it appears that the plaintiff's decedent, disregarding the safety gates which were at the time lowered to bar traffic from a public crossing over the defendant's tracks, went onto the crossing in broad daylight and was struck and killed by the defendant's locomotive which was approaching from a direction where it had been clearly visible for a distance of over a quarter of a mile. The district court dismissed the action at the close of the plaintiff's case upon the ground that the plaintiff's decedent had been shown to have been guilty of contributory negligence as a matter of law. In so ruling the court correctly applied the applicable law. Cleary v. Philadelphia & Railroad Co., 1891, 140 Pa. 19, 21 A. 242; Sheehan v. Philadelphia Railroad Co., 1895, 166 Pa. 354, 31 A. 120; Ellis v. Pennsylvania R. R. Co., 1907, 216 Pa. 415, 65 A. 803; Hamilton v. Central R. R., 1910, 227 Pa. 137, 75 A. 1058; Witiak v. Deleware & Hudson R. R. Corporation, 3 Cir., 1946, 153 F.2d 379. The district court also held that the plaintiff had failed to show that the defendant was negligent. We need not pass upon this question, however, except to say that upon no theory was the evidence sufficient to support a finding of willful or wanton misconduct on the part of the defendant.

The judgment of the district court will be affirmed.