## Fritsch and Wife *versus* City of Allegheny.

1. A municipality is bound to keep its streets in good condition and repair. A street may be put out of repair by obstructions thereon which impede travel or make it dangerous. To repair a street requires the removal of all such obstructions.

2. What is or is not negligence, in a particular case, is generally a question for the jury.

3. The plaintiff's horse took fright at the carcass of a horse which had been lying in one of the streets of the city of Allegheny for about twenty-four hours, and becoming unmanageable, ran away, inflicting severe injuries upon plaintiff. *Held*, that the question whether the city was guilty of negligence in not removing the nuisance was for the jury.

October 8th 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY and STERRETT, JJ. GREEN, J., absent.

Error to the Court of Common Pleas, No. 1, of *Allegheny county*: Of October and November Term 1879, No. 208.

Case by John Fritsch and wife against the city of Allegheny, to recover damages for injuries sustained by the wife, in consequence of her horse taking fright at the carcass of a horse lying on one of the streets of said city.

From the evidence produced by plaintiffs, it appeared that on the 13th of August 1878, while Mrs. Fritsch was driving along Madison avenue, in her milk wagon, to supply her customers with milk, her horse took fright at the carcass of a horse lying on said avenue, and running away, caused the injuries which Mrs. Fritsch received. It was in evidence that the dead horse had fallen on the street about twenty-four hours before the accident to Mrs. Fritsch, and that word had been sent to the board of health, mayor's office and the fallmaster (an officer who is required to remove such carcasses), to notify them of this obstruction and nuisance, but that no attention was paid to the notification until several hours thereafter, when the dead animal was removed. Offensive and sickening odors had arisen from the carcass, and several horses had been frightened thereby, previous to the accident. The *narr.* did not allege notice to the authorities, but charged neglect of duty. At the conclusion of the plaintiffs' testimony, the defendant moved for a nonsuit, which the court, Stowe, P. J., granted, and entered judgment for defendant. The court in banc subsequently refused to take off this nonsuit, when plaintiffs took this writ and assigned this action for error.

*Frederick Luty*, for plaintiff in error.—The facts proven by the plaintiffs should have been submitted to the jury; and the court erred in entering the nonsuit. It cannot be determined by the court, as a matter of law, that a carcass lying on a public highway for a specified time, was or was not a nuisance: Johnson *v.* The Town of Haverhill, 35 N. H. 74. If the carcass remained

[Fritsch *v.* City of Allegheny.]

on the public street, used for travel in the city of Allegheny, from one morning until the next morning, it was a nuisance *per se*, and the city was bound to know of its existence and continuance, and is responsible for any injury it caused—or resulting from the maintenance or neglect to remove the nuisance : Norristown *v.* Moyer, 17 P. F. Smith 355. It was not necessary that notice should have been given of the existence of the nuisance, it was the duty of the city to have known and removed it the first day of its existence : Norristown *v.* Moyer, *supra;* Winn and Wife *v.* City of Lowell, 1 Allen 179.

*W. B. Rodgers,* City Solicitor, for the city.—When the obstruction is the act of a third party, the city is not liable until after notice, actual or constructive, and the expiration of a reasonable time thereafter for its removal. There was no actual notice in this case. The street commissioner is the officer who has the general charge of streets in all cities. There was no notice to him. It is true that notice was left at the fallmaster's house, with his son, about 6 o'clock on the evening of the 12th. The fallmaster is an officer whose duty it is to remove carcasses prejudicial to the public health. The owner has twelve hours to remove the carcass; on his failure to do so, then the fallmaster removes the same within twelve hours thereafter, at the expense of the owner, or if unfit for use, at the expense of the city, upon the order of the health officer. The accident happened before the expiration of twenty-four hours from the time the horse fell. The horse had not laid on the street a sufficient length of time to charge the city with constructive notice, and make it in default for not removing it. To charge the city with constructive notice the obstruction must have been of such long duration as to be generally observable, and sufficient time allowed for its removal: McLaughlin *v.* Corry, 27 P. F. Smith 113; Harrison et al. *v.* Collins, 5 W. N. C. 467; Manchester *v.* Hartford, 30 Conn. 118; McGinty *v.* New York, 5 Duer 674.

In Norristown *v.* Moyer, *supra,* the obstruction had been erected for seven years. The case of Winn *v.* Lowell, *supra,* was under the Massachusetts statute, where the town is bound to remedy a defect existing for twenty-four hours.

Mr. Justice MERCUR delivered the opinion of the court, October 20th 1879.

In this case the court ordered judgment of nonsuit against the plaintiffs, and refused to take it off. This is assigned for error.

A municipal corporation is bound to keep the streets, roads and bridges, over which it has jurisdiction, in repair : Dean *v.* New Milford Township, 5 W. & S. 545; McLaughlin *v.* City of Corry, 27 P. F. Smith 109. A road or street may be put out of repair by the deposit of obstructions thereon which impede and hinder

[Fritsch *v.* City of Allegheny.]

travel or make it dangerous, or by partial destruction of the road-bed itself, producing the like effect. To repair means to replace, to restore to sound or good condition after injury or partial destruction. Therefore, to repair a road or street, to restore it to its former condition and give it the essential properties of a suitable public highway, requires the removal of all obstacles cast upon it, which impede its free passage : Pittsburgh and Birmingham Passenger Railway Co. *v.* Pittsburgh, 30 P. F. Smith 72.

An action will lie against the municipality to recover·damages for an injury sustained by reason of the negligence of its officials to keep its roads and streets in proper repair : Dean *v.* New Milford Township, *supra ;* Allentown *v.* Kramer, 23 P. F. Smith 406 ; Township of Newlin *v.* Davis, 27 Id. 317. What is and what is not negligence in a particular case is generally a question for the jury and not for the court. If there be no doubt as to the acts committed, yet if there be substantial doubts as to the reasonable and natural inferences to be drawn from those acts, they should be submitted to the jury : McKee *v.* Bidwell, 24 P. F. Smith 218 ; Crissy *v.* Hestonville Passenger Railway Co., 25 Id. 83.

In the present case, the obstruction complained of was not on a county road in a rural district, but in an avenue in a city, which, in population, ranks third in this Commonwealth. The subject-matter of the obstruction was an undoubted nuisance. A horse fell and died in this public avenue, about nine o'clock on the morning of the 12th of August. The body was suffered to lie there through all of that midsummer day. One of the witnesses testifies, " there was such a bad smell" that about nine o'clock in the evening, she sent to the mayor's office to notify him. At eight or nine o'clock the next morning the carcass remained there, and the injury complained of occurred. That it was well calculated to frighten a horse being driven along the avenue, does not appear to be questioned. The same witness who testified as to the offensive odor says : "many men went back again ; couldn't go past ; all the horses got frightened there." The main ground of the defendant is, that the carcass had not remained there for such an unreasonable time as to create a presumption of negligence on the part of the city in not removing it, especially if not notified. It may be conceded that a dead animal might lie in a public street for so short a time, that it would be the duty of the court to say, as matter of law, the municipality was guilty of no implied negligence in not removing it. We do not, however, think the facts proven here present such a case.

Negligence is the absence of proper care, caution and diligence ; of such care, caution and diligence, as under the circumstances, reasonable and ordinary prudence would require to be exercised. It may consist as well in not doing the thing which ought to be done, as in doing that which ought not to be done, when in either

[Fritsch v. City of Allegheny.]

case it has caused loss and damage to another: Turnpike Co. v. Rutter, 4 S. & R. 6; Erie City v. Schwingle, 10 Harris 384; McCully v. Clark, 4 Wright 399. Hence, in this case one question to be determined is, whether the municipality, acting through its officials, failed to exercise such reasonable care and diligence in not ascertaining the existence of this nuisance, and in not removing it prior to the injury sustained by the plaintiff. The evidence indicates this nuisance to have been lying in the immediate vicinity of several dwelling-houses. If this be so, it will be a fact for the jury to consider, as well as the extent of travel on the avenue. If it be one on which there is but little travel, and not compactly built upon, no such prompt duty to discover it would be imposed on the public officials as if it were in the heart of the city. Dense population and continuous travel on a street call for more care and watchfulness on the part of the authorities, than over streets not thus populated and used.

This action, however, does not rest on the fact that the carcass emitted an offensive odor, although that may be a circumstance to consider as bearing on the question of negligence in not removing it; but it rests on the alleged fact that it was negligently suffered to remain an unreasonable time, thereby causing fright to the horse of the plaintiff, and the injury and damage resulting therefrom.

The evidence discloses an active effort, by one living near the nuisance, to notify several officials on the afternoon and evening of the first day; but it appears to have been difficult to find any one to heed the complaint. The plaintiff was guilty of no negligence in not giving notice, for she had no knowledge of the nuisance until the moment at which she sustained the injury. It is true the declaration does not aver notice to the defendant, which prudence may have dictated should have been done, and which may still be done by amendment; yet it does expressly charge negligence.

The evidence was sufficient to have been submitted to the jury under proper instructions, and the learned judge erred in not taking off the judgment of nonsuit.

Judgment reversed and a *procedendo* awarded.