Hauser v. Central R. R. Co., of New Jersey, Appellant.

[Marked to be reported.]

*Negligence—Railroads—Crossing track—Contributory negligence.*

In an action against a railroad company for personal injuries, the plaintiff is not entitled to recover, where it appears from her own testimony that she was not injured on the track, but just as she was about to step upon it, and that she walked directly up against a moving locomotive, which she must have seen or heard had she stopped, looked and listened.

*Evidence—Fog as cause of accident.*

Where the plaintiff testified, that she did not see the locomotive on account of fog, but it appeared from her own testimony that she was able to see another train at a much greater distance, and several of defendant's witnesses testified that there was no fog, there is nothing to submit to the jury as proof that the fog prevented plaintiff from seeing the engine.

*Evidence—Signal—Scintilla.*

The negative testimony of the plaintiff that she did not hear any whistle or bell, as against the positive affirmative testimony of six witnesses who did hear, is merely a scintilla of evidence, which is not enough to make out a charge of negligence against the railroad company.

Argued Feb. 1, 1892.  Appeal, No. 29, July T., 1891, by defendant, from judgment of C. P. Lehigh Co., April T., 1890, No. 12, on verdict for plaintiff, Sarah N. Hauser.  Before PAXSON, C. J., GREEN, WILLIAMS, MITCHELL and HEYDRICK, JJ.

Trespass for personal injury.

The facts appear by the opinion of the Supreme Court.

ALBRIGHT, J., charged in part as follows :

" The plaintiff in this case states that when she approached this crossing, and when she was about midway between the canal bridge and the railroad she stopped and she saw a coal train passing down the railroad on the western track, and that she waited until it had passed the station just below—and the station is about seventy feet from where she was, and is in itself about sixty feet long—and after the last car had passed, and she saw the red light disappear—you will remember that it was dark—and she says it was foggy—and she says that when she approached nearer to the railroad track, and that she then stopped and looked and listened.  Did she stop, look, and listen? If, under the evidence, you believe that she did not, then she is guilty of contributory negligence and cannot recover.  If she did stop, look, and listen, did she then step on the track even though she saw a train approach?  She says that exactly how she was hurt she cannot tell, that she became unconscious.  It appears, however, that she was just stepping on the track, or had taken perhaps a single step or so to or upon the track when she was struck, because the locomotive did not pass over her, but merely threw her aside ; it is said here that a certain part about the locomotive, the pulling beam, or whatever it was, struck her, and threw her aside and thus injured her.

[" Did she stop, look, and listen?  If it were not that it was

testified that the night was dark and foggy, I should be compelled to say to you that there was nothing in the case to submit to you, because the plaintiff did not prove that the locomotive which struck her had no head-light, and all the evidence is that it had a head-light, and that the head-light was lighted and burning, and that the light at the bay window of the station was also lighted and burning, and which was a hundred feet, or a little more, away from the place where the accident occurred, and, therefore, if the fog did not prevent one from seeing when standing where the old lady stood, then, before she went upon the track she must have seen the approaching train if she had looked. It could not be otherwise.

"Was it foggy? The plaintiff says it was. Other witnesses say that it was misty and rainy. They all say it was rainy. If the fog did not prevent her from seeing it then, clearly she could have seen, or must have seen the approaching train, and then she cannot recover. Did the fog prevent her from seeing the approaching train? Could she have seen that train approaching with its head-light burning when the train was down, say at the station, or before it came to the station, even? Could she see it come? If she could not, then you may say that she is free from contributory negligence, and if the railroad did not do its duty in giving notice, then the plaintiff may recover. If she could have seen the train approach, but did not look for it, or if looking, she would not see, or if seeing it she stepped upon the track in front of it, then, of course, she cannot say that the company alone was to blame for her injuries, and she cannot recover."] [2]

The defendant presented this point which was refused:

1. "Under all the evidence in the cause the verdict must be in favor of the defendant." [1]

*Errors assigned* were (1, 2) instructions, quoting point and portion of the charge as above.

*R. E. Wright,* of *R. E. Wright's Sons,* for appellant.—The evidence of defendant's neglect to give a signal, was a mere scintilla, insufficient to submit to the jury.

The plaintiff was clearly guilty of contributory negligence. She testified that she did not know how she was struck, or what struck her. Her own testimony shows that she stepped

right in front of, or against, a locomotive which was approaching with a head-light burning, and at a slow rate of speed. In numerous cases it has been held that a plaintiff cannot recover if in spite of what his senses must teach him, if he uses them, he steps in front of a moving train and is injured: McNeal v. P. & W. R. Co., 131 Pa. 184; Marland v. Railroad, 123 Pa. 487; Carroll v. Railroad, 12 W. N. C. 348; Pennsylvania R. R. Co. v. Bell, 122 Pa. 58; Pennsylvania R. R. Co. v. Mooney, et al., 126 Pa. 244; Blight v. Camden & Atlantic R. R. Co., 28 W. N. C. 172.

*Arthur G. Dewalt, Milton C. Henniger* with him, for appellee. The evidence as to defendant's negligence was more than a mere scintilla. Quigley v. Canal Co., 142 Pa. 388; Lehigh Valley R. R. Co. v. Brandtmaier, 113 Pa. 610; Penna. R. R. Co. v. Coon, 111 Pa. 430; Wilson v. Penna. R. R. Co., 132 Pa. 27.

The plaintiff exercised due care under the circumstances, and was not guilty of contributory negligence. McNeal v. Pittsburgh & W. Railway Co., 131 Pa. 184; Penna. R. R. Co. v. Garvey, 108 Pa. 369; Delaware, etc. R. Co. v. Jones, 128 Pa. 308; Philadelphia & Reading R. R. Co. v. Carr, 99 Pa. 505; Schum v. Penna. R. R. Co., 107 Pa. 8; Ill. Central R. R. Co. v. Ebert, 74 Ill. 399; Petty v. Hannibal & St. Joseph R. R. Co., 28 Am. & Eng. R. R. Cases, 618; Penna. R. R. Co. v. Ackerman, 74 Pa. 265; Phila. & Reading R. R. Co. v. Killips, 88 Pa. 405.

OPINION BY MR. JUSTICE GREEN, February 29, 1892.

The testimony in this case exhibits a more than usual combination of defects in the plaintiff's proofs of the facts necessary to entitle her to a recovery. She was hurt while attempting to cross a railroad track immediately in front of an approaching train. She did not succeed even in getting on the track, because the physical presence of the locomotive, directly in front of her, was an impassable obstacle to her progress across the track. On her examination in chief she gave no account of the actual collision, saying, she did not know what happened.

On her cross-examination she gave some description of the occurrence in this manner: " Q. Now just tell what happened from the time you started on the track?  A. Nothing, that

I saw.  Q. Which way was the train going that struck you? A. That I do not know at all.  Q. Don't you know that it was coming up the road?  A. Well I looked and listened, and I did not see any at all.  Q. But you know that the train struck you?  A. No, sir; not at all.  I just wanted to go across and it caught me.  Q. The train did not run over you, it just struck you?  A. I think so, because it threw me away to the side.  Q. When you were struck had you got entirely on the track, or were you just stepping on?  A. I just wanted to get on the track.  Q. And just as you were stepping on the track this thing happened, and that is all you know about it? A. Yes."

No other witness was called or examined for the plaintiff to prove the precise facts of the collision, and the foregoing is the whole of her testimony on that subject.  It proves that she was not on the track, but just in the act of stepping on when she was struck, and it proves also that the reason why she was not actually on the track was that the locomotive was in the way.  The other witnesses who saw the accident said that she was struck by a beam that projects over the cowcatcher.  In no other reported case do the facts exhibit the contributory negligence of the plaintiff in so glaring and palpable a manner. According to her own testimony, she literally walked up against a passing locomotive and was thrown to one side by it.  She was not run over, she was not on the track, but just as she was trying to get on she was struck.  In all the other cases the person injured was on the track.  In a number of them the plaintiff swore that he stopped, looked, and listened, and saw nothing and heard nothing, but we said emphatically of such testimony and have repeated it frequently, that " the injury sustained by the plaintiff was attributable solely to his own gross carelessness.  It is in vain for a man to say that he looked and listened, if, in despite of what his eyes and ears must have told him, he walked directly in front of a moving locomotive : " Carroll v. R. R., 12 W. N. 348.  We repeated this doctrine in R. R. v. Bell, 122 Pa. 58; in Marland v. R. R., 123 Pa. 487 ; in R. R. v. Mooney, 126 Pa. 244, and in Blight v. R. R., 28 W. N. 172.  In the recent case of McNeal v. R. R., 131 Pa. 184, we said, MITCHELL, J., that the case of Marland v. R. R., 123 Pa. 487, and Carroll v. R. R., 12 W. N. 348,

and other cases which held that a plaintiff cannot recover if, in spite of what his senses must teach him, if he uses them, he steps in front of a moving train, are sound in principle, and experience has confirmed the wisdom of the rule they have adopted; and it will not be relaxed or pared down by exceptions.

The present plaintiff testified, of course, that she stopped, and looked, and listened, just before she tried to get on the track, and neither saw nor heard anything. But it is equally true, of course, that she neither stopped, looked nor listened, because she walked directly up against the locomotive, and that fact alone prevented her from getting on the track. If she had either looked or listened at the moment she attempted to step on the track, she would, necessarily, have both seen and heard the engine, because it was already there and barred her passage on the track. The learned judge of the court below thought it was his duty to submit the case to the jury, for the one reason only, that it was testified that the night was dark and foggy. It is true that the plaintiff said that it was foggy, but no other witness said so, and several of the defendant's witnesses testified that it was not foggy, and that they were able to see, and did see, the whole occurrence of the accident, though at some distance away. But the plaintiff herself conclusively proves that the fog did not prevent her from seeing the engine had she really looked for it. She did not testify that she was unable to see the engine on account of the fog, but she did testify that she stopped about half way between the bridge and the railroad and looked and listened for trains. She was asked, " Q. Did you look up the track towards Catasauqua to see whether a train was coming? A. Yes. I looked up and looked down and I listened whether a train was coming. Q. Was there a train on the track farthest away from you? A. I cannot say, but there was a train coming, and I stopped till it was past. Q. Which way was the train going, toward Allentown? A. To Allentown. Q. What sort of a train was it? A. That was a coal train. Q. How long did you wait then before you started on your journey? A. Well, I waited a few minutes, until the train was below the station. Q. Until the last car of that train was below the station? A. Yes, sir. Q. Could you see the red light on the back of the train?

A. Yes, I saw that light." She repeated this testimony on her cross-examination. The plaintiff's witness, Daniel Troxell, testified that it was about 40 to 50 feet from the end of the canal bridge to the railroad tracks. So that the plaintiff, according to her own testimony, when she stopped half way between the bridge and the railroad, was 20 or 25 feet away from the tracks, and from that point she saw a train going down the road, and noticed that it was a coal train, and she waited until after the last car of the train had passed the depot, and after that she saw the red light at the end of the train as the train passed on down the road. If she could, at that distance, see that train, and could distinguish that it was a coal train, and could see it moving until she knew that the last car had passed the depot, and then could see the red light at the rear end of the train, she absolutely proves that, notwithstanding the fog, she could see a much greater distance than was between her and the locomotive at the moment she came in contact with it. There was, therefore, no evidence that the fog prevented her from seeing the engine, but there was her own affirmative testimony that she could, and did, see a moving train on the track. That being so, there was nothing to submit to the jury as proof that the fog prevented her from seeing the engine. Moreover, it would be impossible to conceive of a fog so dense that so large an object as a locomotive could not be seen at the instant before contact with it.

On this branch of the case, to wit, the contributory negligence of the plaintiff, it was the duty of the court below to have withdrawn the case from the jury.

But the same duty arose as to the proof of negligence by the defendant. The undisputed testimony was, that the train was running very slowly, between six and ten miles an hour, was about to stop to take on water, that the head-light was burning, and, by the testimony of six witnesses, that the whistle was blowing and the bell rung, as the train approached the crossing. Against this there was no proof of negligence by the defendant, but there was very scant testimony of the plaintiff as follows: " Q. Did you hear the blowing of the whistle that night of the train? A. No, sir; if it did, I did not hear anything. Q. Did you hear the ringing of any bell? A. No, sir."

She simply says she did not hear any whistle or bell, and,

as against the positive affirmative testimony of six witnesses, who did hear, her omission to hear is simply a scintilla of evidence, which is not enough to make out a charge of negligence in that respect.

Judgment reversed.