John Keppleman, Appellant, *v.* The Philadelphia and Reading Railway Company.

190 333
196 598

190 333
f225 604
p227 140

*Negligence—Railroads—Contributory negligence—" Stop, look and listen."*

A person who crosses over one railroad track through an opening between standing cars, and fails to stop and look when he emerges from the opening and before stepping on the next track, at which point he could have seen a train approaching on the track, is guilty of contributory negligence, and if he is struck and injured as he steps upon the track, he will not be entitled to recover damages from the railroad company.

Argued Feb. 27, 1899. Appeal, No. 431, Jan. T., 1898, by plaintiff, from judgment of C. P. Berks Co., Sept. T., 1897, No. 95, refusing to take off nonsuit. Before STERRETT, C. J., McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Trespass for personal injuries. Before ENDLICH, J.
The facts appear by the opinion of the Supreme Court.

*Error assigned* was refusal to take off nonsuit.

*Richmond L. Jones*, for appellant.

*Jefferson Synder*, of *Baer, Snyder & Zieber*, for appellee, cited Gray v. Penna. R. Co., 172 Pa. 383.

PER CURIAM, March 13, 1899:

While the evidence on which the judgment of nonsuit was entered clearly shows that the defendant railway company was negligent in not giving any warning, by bell, whistle or otherwise, of the approach of its locomotive, it also appears that the plaintiff himself was guilty of contributory negligence in not properly complying with the now familiar rule : " Stop, look and listen." On leaving the office of the Reading Gas Works, where he was employed, he stopped on the doorsill, about eighteen inches higher than the pavement, and looking over the tops of cars of the coal train then standing on the middle track on Canal street, he neither saw nor heard any sign of a locomotive approaching on the north track. He then proceeded to cross through an opening, about twelve feet wide, that had been made

in the standing coal train. When passing through this opening, he heard no noise indicative of an approaching engine, and without stopping or looking either way on the next or north track, which was then in full view, he stepped on that track, and before he was able to escape, sustained the injury complained of. In his own testimony, he says: "I stepped with the right foot forward over the first rail of the third track with the left foot up, and when I stood there, all at once I heard a fearful rattling, that is the quick speed of the striking of the wheels against the track, against the rail. When I looked to the right where it came up, I saw it coming at a fearful speed. There I was; backwards I could not go any more, because, on account of my specs, I had to look around where to step to; I was too near the coal cars to make a jump back, and so I made up my mind to jump forward for my life. I made a jump forward, and just as soon as I had jumped, I was struck."

It must be very obvious that the proper time and place for the plaintiff to have "stopped and looked" was just when he emerged from the opening in the standing coal train and before stepping on the north track. He would then have had a view of the same for a considerable distance in the direction from which the engine came. His unfortunate mistake was in not "looking" then. In answer to the question, "whether if he had stopped and looked before stepping on the north track, he could have avoided the collision," he truthfully answered in the affirmative.

It necessarily follows that the court rightly refused to take off the judgment of nonsuit.

Judgment affirmed.