Elston *v.* Delaware, Lackawanna & Western Railroad Company.

| 196 | 595 |
|---|---|
| 19 SC | ²178 |
| 196 | 595 |
| f 209 | ¹429 |
| 196 | 595 |
| 27 SC | ¹604 |
| 196 | 595 |
| 32 SC | ¹491 |

*Negligence—Railroads—Contributory negligence—" Stop, look and listen."*

The court can treat the question of contributory negligence as one of law only in clear cases, and when the inferences to be drawn from them are free from doubt.

| 196 | 595 |
|---|---|
| 225 | ²603 |

Where a person driving a two-horse team approaches a grade crossing where there are six tracks, and where there is only a narrow opening between standing cars, and stops, looks and listens at a place where the public using the highway in the same manner usually stopped, the question whether he should have stopped again, or whether without stopping he should have seen the train which struck him in time to avoid injury, is a question for the jury and not for the court.

Argued April 9, 1900. Appeal, No. 345, Jan. T., 1899, by defendant from judgment of C. P. Luzerne Co., Dec. T., 1896, No. 348, on verdict for plaintiff in case of Belinda Elston v. The Delaware, Lackawanna & Western Railroad Company. Before GREEN, C. J., McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Trespass for death of plaintiff's husband. Before HALSEY, J.
The facts appear by the opinion of the Supreme Court.
Verdict and judgment for plaintiff for $3,705. Defendant appealed.

*Error assigned* was in submitting the case to the jury.

*Andrew H. McClintock* and *Henry W. Palmer*, for appellant. —The case should have been withdrawn from the jury: C. R. R. Co. of N. J. v. Feller, 84 Pa. 229; Urias v. Penna. R. Co., 152 Pa. 326; Derk v. Northern Central Ry. Co., 164 Pa. 243; Plummer v. N. Y., etc., R. R. Co., 168 Pa. 62; Gangawer v. Phila. &. Read. R. R. Co., 168 Pa. 265; Ely v. Pittsburg, etc., Railroad Co., 158 Pa. 236; Keppleman v. P. & R. Ry. Co., 190 Pa. 333; Holden v. Penna. R. Co., 169 Pa. 1.

*Paul J. Sherwood*, for appellee.—This case is controlled by its own facts and was properly submitted to the jury: McGill v. Pittsburg, etc., Ry. Co., 152 Pa. 331; Fennell v. Harris, 184 Pa. 578; Gray v. Penna. R. Co., 172 Pa. 383; Link v. Penna. R. Co., 165 Pa. 75; Davidson v. Lake Shore, etc., Ry. Co., 179 Pa. 227; Davidson v. Lake Shore, etc., Ry. Co., 171 Pa. 522; McNeal v. Pittsburg, etc., Ry. Co., 131 Pa. 184; Haverstick v. Penna. R. Co., 171 Pa. 101; Lake Shore, etc., R. R. Co. v. Frantz, 127 Pa. 297; Ellis v. Lake Shore, etc., R. R. Co., 138 Pa. 406; Hoffmeister v. Penna. R. Co., 160 Pa. 568; Jones v.

Delaware, etc., R. R. Co., 128 Pa. 308; Whitman v. Penna. R. Co., 156 Pa. 175; Cookson v. Pittsburg, etc., Ry. Co., 179 Pa. 184; Gates v. Penna. R. Co., 154 Pa. 566; Manayunk, etc., Livery Stable Co. v. Union Traction Co., 7 Pa. Superior Ct. 104.

OPINION BY MR. JUSTICE FELL, July 11, 1900:

The only question raised by the assignments of error is whether a verdict should have been directed for the defendant. The public highway on which the plaintiff's husband was driving is crossed by six tracks of the defendant's road. Tracks one, two, three and four on the west are sidings used for the shifting and storage of cars. Tracks five and six on the east are main tracks. The plaintiff's husband approached the crossing from the west and stopped on a bridge twenty-five feet from track one and ninety feet from track six, where he was killed. From the bridge he could see trains on the main tracks. On tracks one, two and three, trains of box and gondola cars were standing on both sides of the crossing, an opening being left between them barely wide enough to admit of the passage of a wagon. A train was going south on track five. He waited several minutes while this train passed, and one or two minutes after it had passed and then before proceeding looked north and south for the approach of a train. He drove between the standing cars on the sidings, and his horses were struck by the engine of a train going south on track six. The place where he stopped was the place where those using the highway usually stopped to look for a train, and because of its elevation it was the best place at which to stop. Between the cars standing on the sidings and track six there was the space occupied by tracks four and five from which he could have seen the approaching train, but seated in his wagon he was not in a position to see it until his horses were close to or on track six. As to these matters there was no dispute. According to the testimony produced by the plaintiff the train was running rapidly on a down grade, and no notice of its approach was given by bell or whistle or otherwise.

Clearly this made a case for the jury. If the deceased had been walking over the crossing he might have been held as matter of law to the duty of stopping and looking after he crossed the third track as he would have had ample space in

which to see without exposing himself to danger: Keppleman v. Phila. & Reading Railway Co., 190 Pa. 333. And the presumption that he looked would have been overcome by the fact that he stepped in front of a moving train which he either saw or could have seen if he had looked, as in Carroll v. Penna. Railroad Co., 12 W. N. C. 348, and Marland v. Pittsburg, etc., R. R. Co., 123 Pa. 487. But riding in a wagon and driving a pair of horses whose management required his attention the conditions were different. The act of the company in so placing its cars that he was obliged to drive through a narrow passage between them put him in danger from the time he attempted to cross, and it left no place from which he could see until he was in a position where if he had any chance at all a moment's hesitation as to the right course to pursue or a slight error of judgment would result in disaster.

The court can treat the question of contributory negligence as one of law only in clear cases where the facts and the inferences to be drawn from them are free from doubt. The deceased obeyed the unbending rule to "stop, look and listen." Having stopped in the place where the public using the highway in the same manner usually stopped, whether he should have stopped again, or whether without stopping he should have seen in time to avoid injury, was a question for the jury and not for the court: Cookson v. Pittsburg, etc., Ry. Co., 179 Pa. 184; Muchinhaupt v. R. R. Co., 196 Pa. 380.

The judgment is affirmed.