## Welsh v. United Traction Company, Appellant.

*Negligence—Street railways—Light on car—Infant.*

In an action against a street railway to recover damages for personal injuries to a boy six years old run over by an electric car on a dark night, the case is for the jury where the witnesses for the plaintiff, although contradicted by witnesses for the defendant, testify that at the time of the accident there were no lights on the car and no bell was rung.

Argued Oct. 29, 1901. Appeal, No. 40, Oct. T., 1901, by defendant, from judgment of C. P. No. 3, Allegheny Co., Feb. T., 1898, No. 415, on verdict for plaintiff in case of Richard Welsh and Peter Welsh, by his next friend, Richard Welsh, v. United Traction Company. Before McCollum, C. J., Mitchell, Dean, Fell, Brown, Mestrezat and Potter, JJ. Affirmed.

Trespass to recover damages for personal injuries to a boy six years old. Before Evans, J.

The court charged in part as follows:
[It is alleged on the part of the plaintiff that there was no such light (headlight), as they approached the place of this accident. It is alleged on the part of the defense that there was. Now, that is the question of fact for you to determine. There is no evidence of negligence outside of that one fact. If the lights were not lit, and the failure to have them lit contributed to this accident, then the defendant would be liable, and the plaintiff would be entitled to recover—that is, the boy. If the lights were lit, the headlight particularly, if it was lit, enabling the motorman to properly observe what was going on on

the track in front of his car, then there is no evidence of negligence which would entitle the plaintiff to recover.]

Verdict and judgment for plaintiff for $3,000.   Defendant appealed.

*Error assigned* was portion of charge as above, quoting it.

*Edwin W. Smith,* with him *Knox & Reed,* for appellant, cited Memphis City Ry. Co. v. Logue, 13 Lea, 32.

*W. C. Stillwagen,* for appellee.

OPINION BY MR. CHIEF JUSTICE McCOLLUM, May 12, 1902:

The plaintiffs in this case, Richard Welsh and Peter Welsh, seek to recover from the United Traction Company, damages which it is alleged they have suffered by reason of an injury to Peter Welsh, who is a son of the other plaintiff, which injury was caused by the negligence of the employees of the defendant company.   It appears that on November 17, 1898, a car, operated by the employees of the defendant company ran over the leg of Peter Welsh and injured it to such an extent that it had to be amputated, and injured the foot on the other leg so that it was necessary to amputate the large toe and one other.

It seems that Peter Welsh, at the time he was injured, was not quite six years old.   His father was answerable for the probable results of his own acts ; and therefore if he was guilty of any negligence in connection with this accident he could not recover.   He allowed his son to go out on the street after night, in a very dark place, at eight o'clock at night, walking across a street where street cars run.   The court regarded the act of the father as a negligent act which prevented a recovery by him in this case.   The court, therefore, said : " You will bring in two verdicts ; as to the boy, if you find as I stated, that the accident was caused by the negligence of the man in charge in the employ of the defendant company, then your verdict should be for the plaintiff for such a sum as you in your judgment think he is entitled to recover on the lines that I have laid down to you."

There was evidence of quite a number of witnesses on part of plaintiff tending to show negligence of defendant company, such as, that there was no light in the car and no headlight ;

that the conductor had attempted to turn on the light but had
failed; that no bell was rung and no gong sounded.   There was
evidence then, on the part of defendant tending to rebut that
of these witnesses.   In this conflict of evidence, it necessarily
followed, that the jury should pass upon it.   It is not for us
to weigh the contradictory statements and determine the truth;
nor was it the duty of the court below.

The father's claim in his own right was set at rest by the
peremptory instruction of the court below in favor of defend-
ant.   His contributory negligence in the case of a child of such
tender years defeated his claim for damages.   But the child's
claim by his father and next friend, stood undisturbed by the
neglect of parental duty in the father; for it neither under-
stood, what under the circumstances constituted care, nor had
that mental capacity which would have enabled it to guard
against risk to life and limb.

Therefore, the judgment for the representative of the child
being tainted with no error, must stand.

The judgment is affirmed.