# Kitler *v.* People's Street Railway Company of Nanticoke and Newport, Appellant.

*Negligence—Street · railway—Alighting from car—Province of court and jury—Evidence.*

In an action against a street railway company to recover damages for injuries to a passenger while alighting from a car, the case is for the jury where the plaintiff testifies that the car had stopped and that he was thrown and injured by its sudden starting before he had completely alighted, although this testimony is uncorroborated and contradicted by several witnesses for the defendant.

Where the plaintiff's testimony in chief is such as to make a case for the jury, though without corroboration, and contradicted by the defendant's witnesses, and even by his own, it must, unless on cross-examination facts are submitted fatal to his claim, be submitted to the jury, since they may believe his testimony rather than that of his witnesses who contradicted him; and if portions of the testimony of any witness appear inconsistent, confusing or contradictory, it is for the jury to settle the doubt arising from its character in this respect.

Argued Jan. 11, ·1905.    Appeal, No. 24, Jan. T., 1905, by defendant, from judgment of C. P. Luzerne Co., Oct. T. 1902, No. 1040, on verdict for plaintiff in case of Joseph Kitler v. People's Street Railway .Company of Nanticoke and Newport. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ.    Affirmed.

Trespass for personal injuries.   Before HALSEY, J.

At the trial it appeared that plaintiff was injured on September 17, 1901, while alighting from one of defendant's cars.    He testified that the car had come to a full stop, and started suddenly before he had completely alighted.    His testimony was contradicted by several witnesses for defendant.

Defendant presented these points : ·

1. That the burden of proof in this case is upon the plaintiff, that is, he must satisfy the jury by the weight of the credible evidence that the defendant was negligent as complained of.    If the evidence is perfectly and evenly balanced, or the weight of the evidence is with the defendant, the verdict of the jury must be for the defendant.    *Answer :* Of course, balancing and evenly balancing, as set forth in this point, does not mean

as to witnesses, but means as to the weight of the credible evidence.    And with this explanation we affirm it. [1]

3. Under all the evidence the verdict of the jury must be for the defendant.    *Answer:* That we negative, because there are certain questions of fact, in our judgment, for your consideration. [3]

Verdict and judgment for plaintiff for $1,500.    Defendant appealed.

*Errors assigned* were (1, 3) above instructions, quoting them.

*Quincy A. Gates,* with him *Thomas W. Hart,* for appellant, cited: Holden v. Penna. R. R. Co., 169 Pa. 1; Lonzer v. R. R. Co., 196 Pa. 610; Tunney v. Carnegie, 146 Pa. 618; Greenway v. Conroy, 160 Pa. 185; Brown v. Barnes, 151 Pa. 562; Miller v. Cohen, 173 Pa. 488; Rowland v. Wanamaker, 193 Pa. 598; Snyder v. Penn. Twp., 14 Pa. Superior Ct. 145; Hookey v. Oakdale Boro., 5 Pa. Superior Ct. 404; McCauley v. Traction Co., 13 Pa. Superior Ct. 354; Foran v. Traction Co., 22 Pa. Superior Ct. 10; Jackson v. Traction Co., 18 Pa. Superior Ct. 211.

*James L. Lenahan,* with him *Julian Czupka,* for appellee, cited: Phila., etc., R. R. Co. v. Alvord, 128 Pa. 42; Taylor v. Lehigh Valley Coal Co., 2 Kulp, 236.

OPINION BY SMITH, J., March 14, 1905 .

To alight from a moving car is negligence per se, unless the act is warranted by exceptional circumstances, none of which appear in the case before us.    This rule is so firmly settled by repeated decisions that reference to authorities in its support is unnecessary.    On an allegation of this form of negligence, the only question presented is with respect to the fact of its existence.

Whatever might be our view of the present case, were we charged with the duty of deciding on the credibility of witnesses and the weight of evidence when the testimony is conflicting, the principle is well established that this is the province of the jury.    When there is testimony which, if believed, will support the action on the one hand, or the defense on the other, it is

for the jury to determine its effect. "It does not follow that because the evidence on one side may be overwhelming, in the opinion of the trial judge, that the case can be withdrawn from the jury. If there is a conflict of evidence, it must go to the jury, unless the evidence on one side amounts but to a scintilla:" Holland v. Kindregan, 155 Pa. 156. When the plaintiff's testimony in chief is such as to make a case for the jury, though without corroboration, and contradicted by the defendant's witnesses, and even by one of his own, it must, unless on cross-examination facts are admitted fatal to his claim, be submitted to the jury; since they may believe his testimony rather than that of his witnesses who contradict him. And if portions of the testimony of any witness appear inconsistent, confused or contradictory, it is for the jury to settle the doubt arising from its character in this respect: R. R. Co. v. Alvord, 128 Pa. 42; Kohler v. R. R. Co., 135 Pa. 346; Todd v. Railway Co., 201 Pa. 558; Butler v. R. R. Co., 126 Pa. 160. Even when part of the evidence for the defense is a written statement by the plaintiff admitting his negligence, or a release of damages, the case is for the jury: Foster v. Traction Co., 199 Pa. 498; Julius v. Traction Co., 184 Pa. 19. It is only when the plaintiff's testimony may be judicially pronounced unworthy of credit, as in cases of which Hauser v. R. R. Co., 147 Pa. 440, is a type, or is so far overborne by that of his own witnesses that the court could not permit a verdict in his favor to stand, that a nonsuit may be entered or a verdict for the defendant directed: Holden v. R. R. Co., 169 Pa. 1. But this should be clear, beyond question; if there is a doubt, the case is for the jury: Kohler v. R. R. Co., 135 Pa. 346; Elston v. R. R. Co., 196 Pa. 595; Welsh v. Traction Co., 202 Pa. 530.

The case in hand is obviously one of the class of which Thompson v. Traction Co., 180 Pa. 114, and Maher v. Traction Co., 181 Pa. 391, are recent examples, and the language of the Supreme Court in those cases is directly applicable here: "If the evidence relied on by the plaintiff was believed by the jury, they were clearly warranted in finding against the defendant. On the other hand, if they believed the evidence of defendant's witnesses, they would have been justified in finding for the defendant. In brief, the case depended on controverted questions of fact which the jury alone could legally determine." In the

case before us, the court properly submitted these questions to the jury, with instructions that left the appellant no reason to complain. The portions of the charge embraced in the specifications are so obviously free from error as to require little discussion. The plaintiff must recover upon preponderating evidence in his favor, and if this is so evenly balanced, as to weight, that this preponderance is not manifest, he has failed. The statement of this principle, in the affirmance of the defendant's first point, was clear and unmistakable. The instruction that " The plaintiff cannot recover if he left the car while it was in motion, and was injured in consequence ; and it is for you to determine, upon the evidence, whether he did or not," was a concise statement of the law applying to the case, and of the province of the jury.

Judgment affirmed.