## Ackley, Appellant, v. Bradford Township.

*Practice, C. P.—Judgment for defendant non obstante veredicto—Evidence—Act of April 22, 1905, P. L. 286.*

Where a verdict has been rendered in favor of the plaintiff, the court has no power subsequently to enter judgment for defendant non obstante veredicto under the Act of April 22, 1905, P. L. 286, where there is a conflict of evidence on material facts, or where the plaintiff's right to recover depends upon not only his own testimony, but the inferences to be drawn from the facts and circumstances as adduced by other witnesses, or in general where the right to recovery depends upon disputed questions of fact, and the inferences to be drawn from them.

*Negligence—Townships—Roads—Question for jury—Judgment non obstante veredicto.*

In an action against a township to recover damages for personal injuries, it appeared that the cause of the injuries sustained by the plaintiff, as determined by the verdict, was a two-strand fence wire extending across and eleven to thirteen feet above the surface of a public highway on which he was driving. Six years previous to the accident the wire had been so placed by the owner of an oil well to serve as a supporting guy for a structure on one side of the road and made fast to a tree on the opposite side. The plaintiff was engaged in hauling wood on bobsleds, on which there was a flared rack loaded so as to be between six and seven feet high, and fourteen feet long. The roadbed was covered with from one and a half to two feet of snow. In order to examine the lock chains, the plaintiff, who was driving from the top of the load, made fast the lines on the driving seat and went over the top to the rear end of the load and when he started to return to the front he was caught on the upper part of his body by the overhanging wire and thrown to the ground. There was evidence that the local supervisors had worked on the road under this wire every year since it had been so placed; that it was an usual construction in the neighborhood, that some persons had been caught by it,

and that others knew of it, and avoided it.   Held, (1) that the questions of defendant's negligence and plaintiff's contributory negligence were for the jury; and (2) that it was error to enter judgment for defendant non obstante veredicto.

The degree of care which is required of road supervisors has no exact legal standard; the law does not impose any liability for every insufficiency of a road, or for every impediment to easy and convenient travel; they are required to do what is practicable to be done, and to preserve a reasonable condition of safety, with reference to the kind of road, its peculiar location, its adjacency to places of peril, and the amount and kind of travel it accommodates.   It may be said generally, that they are bound for reasonable and ordinary care according to the circumstances.

Argued Oct. 24, 1906.   Appeal, No. 110, Oct. T., 1906, by plaintiff, from judgment of V. P. McKean Co., June T., 1902, No. 136, for defendant non obstante veredicto in case of V. L. Ackley v. Bradford Township.   Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Reversed.

Trespass to recover damages for personal injuries.   Before ORMEROD, P. J., specially presiding.

The facts appear by the opinion of the Superior Court.

Error assigned was in entering judgment for defendant non obstante veredicto.

F. P. Schoonmaker, with him Sheridan Gorton and T. F. Richmond, for appellant.—The case was for the jury: Rosevere v. Osceola Mills Boro., 169 Pa. 555; Goff v. Phila., 214 Pa. 172; Vanderslice v. Phila., 103 Pa. 102; Rapho Twp. v. Moore, 68 Pa. 404; Mooney v. Luzerne Borough, 186 Pa. 161; Telephone Co. v. Varnau, 15 Atl. Repr. 624; Plymouth Twp. v. Graver, 125 Pa. 24; McLaughlin v. Corry City, 77 Pa. 109; Kibele v. Phila., 105 Pa. 41; Rumsey v. Phila., 171 Pa. 63; Readdy v. Shamokin, 137 Pa. 92; McCue v. Knoxville, 146 Pa. 580; Baker v. Gas Co., 157 Pa. 593; Bensing v. Ry. Co., 9 Pa. Superior Ct. 142; Menner v. D. & H. Canal Co., 7 Pa. Superior Ct. 135; Pyne v. R. R. Co., 212 Pa. 143; Smith v. R. R. Co., 158 Pa. 82; Cohen v. R. R. Co., 211 Pa. 227; Kitler v. St. Ry. Co., 27 Pa. Superior Ct. 602; Esher v. R. R. & Mining Co., 28 Pa. Superior Ct. 387.

*R. B. Stone*, with him *D. H. Jack*, for appellee.—Where the standard of duty is plain, it has always been ruled to be the duty of the court to determine the question of negligence as a matter of law, and failure to give binding instructions has been held to be error: Longenecker v. Penna. R. R. Co., 105 Pa. 328; Leidy v. Cold Storage Co., 180 Pa. 323; Gramlich v. Wurst, 86 Pa. 74; Penna. R. R. Co. v. Fries, 87 Pa. 234; King v. Thompson, 87 Pa. 369; Goshorn v. Smith, 92 Pa. 435; Baker v. Fehr, 97 Pa. 70; Reading, etc., R. R. Co. v. Ritchie, 102 Pa. 425; Nagle v. Allegheny Valley R. R. Co., 88 Pa. 35; Bannon v. Penna. R. R. Co., 29 Pa. Superior Ct. 231; Jackson Twp. v. Wagner, 127 Pa. 184; Horstick v. Dunkle, 145 Pa. 220; Kieffer v. Hummelstown Borough, 151 Pa. 304; Weida v. Hanover Twp., 30 Pa. Superior Ct. 424; McCormick v. Washington Twp., 112 Pa. 185.

OPINION BY ORLADY, J., February 25, 1907:

The cause of the injuries sustained by the plaintiff, as determined by the verdict, was a two-strand fence wire extending across, and eleven to thirteen feet above the surface of, a public highway on which he was driving. Six years previous to the accident the wire had been so placed by the owner of an oil well to serve as a supporting guy for a structure on one side of the road and made fast to a tree on the opposite side. The plaintiff was engaged in hauling wood on bobsleds, on which there was a flared rack loaded so as to be between six and seven feet high, and fourteen feet long. The roadbed was covered with from one and a half to two feet of snow. In order to examine the lock chains, the plaintiff, who was driving from the top of the load, made fast the lines on the driving seat and went over the top to the rear end of the load, and when he started to return to the front he was caught on the upper part of his body by the overhanging wire and thrown to the ground.

On the trial the defendant requested the court to charge the jury, inter alia: First, there is no such evidence of actual or constructive notice to the three supervisors, of the obstruction to the highway as would render the township liable for injury to the plaintiff. Sixth, it being conceded that no actual notice was given to the supervisors, they cannot be charged with constructive notice, unless it was so notorious as to be obvious

to all who had occasion to pass over the road, and the plaintiff having testified that he passed under this wire four times a day for four to six weeks and in a position when his head would come within four feet of it and he never noticed it, the obstruction was not so notorious as to charge the township with constructive notice. Seventh, that under all the evidence in the case the verdict must be for the defendant. These points were refused by the trial judge, and the question of the sufficiency of the notice to and negligence of the township authorities, and the contributory negligence of the plaintiff were submitted to the jury, resulting in a verdict in favor of the plaintiff. The court subsequently entered judgment for the defendant non obstante veredicto, under the Act of April 22, 1905, P. L. 286, giving as his reason therefor that the above-quoted points should have been affirmed.

The interpretation of the act of 1905 and the reasons for its enactment, as given by the Supreme Court in Dalmas v. Kemble, 215 Pa. 410, are a sufficient answer to the appellant's attack upon the constitutionality of this statute. As stated in that case, "There is no intent in the act to disturb the settled line of distinction between the provinces of the court and the jury. The act is capable of usefulness in allowing time for mature consideration, but it should not be carried beyond its legitimate intent. . . . If upon such consideration it should appear that a binding instruction for either party would have been proper at the close of the trial, the court may enter judgment later with the same effect. But, on the other hand, if it should appear that there was conflict of evidence on a material fact, or any reason why there could not have been a binding direction then there can be no judgment against the verdict now."

This act was not intended to substitute the opinion and conclusion of the trial judge, as to matters of fact, for that of a jury of twelve. However indisputable may be the proof, when it depends upon oral testimony it is nevertheless the power of the jury to decide: Reel v. Elder, 62 Pa. 308. It does not follow that because the evidence on one side may be overwhelming in the opinion of the trial judge, that the case may be withdrawn from the jury. If there is a conflict of evidence, it must go to the jury, unless the evidence amounts to but a scintilla: Holland v. Kindregan, 155 Pa. 156; Devlin

v. Beacon Light Co., 198 Pa. 583; Heh v. Gas Company, 201 Pa. 443.

As stated in Kitler v. St. Ry. Co., 27 Pa. Superior Ct. 602: "It is only when the plaintiff's testimony may be judicially pronounced unworthy of credit, as in cases of which Hauser v. R. R. Co., 147 Pa. 440, is a type, or is so far overborne by that of his own witnesses that the court could not permit a verdict in his favor to stand, that a nonsuit may be entered or a verdict for the defendant directed: Holden v. R. R. Co., 169 Pa. 1. But this should be clear, beyond question; if there is a doubt, the case is for the jury: Kohler v. R. R. Co., 135 Pa. 346; Elston v. R. R. Co., 196 Pa. 595; Welsh v. Traction Co., 202 Pa. 530.

The plaintiff's right to recover depended upon not only his own testimony, but the inferences to be drawn from the facts and circumstances adduced by other witnesses; the character and location of the obstruction, the length of time it had been in place, as well as his conduct at the time of the accident in comparison with the conduct and experience of careful drivers under like conditions, and therefore it was the exclusive province of the jury to pass upon the credibility of the witnesses narrating these facts: Bucklin v. Davidson, 155 Pa. 362; Baker v. Gas Co., 157 Pa. 593.

In the opinion filed in support of the judgment non obstante veredicto the learned trial judge makes a critical analysis of the testimony, and reaches the conclusion that the wire was not such an obstruction as the supervisors were bound to take notice of, and that the plaintiff was guilty of contributory negligence, both of which questions necessarily depended upon disputed questions of fact, and the inferences to be drawn from them. While we might agree with the result reached by the trial judge, it is not our province, nor was it his to do so. As stated in his opinion entering judgment, "Had he been driving his team sitting on the load, he would not have received the injury. Had he been driving his team standing up, as some witnesses testified was the usual manner, he must have seen the wire before it struck him," were pertinent arguments for the jury room, but the jury to whom the same questions had been fairly submitted arrived at an opposite conclusion, and the law has fixed that tribunal as the proper one to pass upon

disputed facts.   It was their special province to reconcile, if possible, the conflicting testimony and determine what the facts were.   We cannot say as a matter of law that a wire stretched across a public road at the height this one was fixed, was or was not an obstruction of which the supervisors were bound to take notice.   One fixed at six or eight feet would doubtless be a barrier across the highway, while one at twenty feet might not be an apparent obstruction, but at eleven or thirteen feet, as in this case, it was for the jury to say whether the township officers had or ought to have had notice of its location.   So also, it was purely a question of fact for the jury to determine whether the plaintiff was guilty of contributory negligence in riding on the top of his load, and that whether he was sitting down or standing up.   Such matters are properly referred to the common-sense judgment of jurors rather than be resolved as legal propositions.

The same rule applies to dangerous defects or obstructions in the highway, whether overhead or at grade (Mooney v. Luzerne Borough, 186 Pa. 161), and anything that is allowed to remain above the highway so as to interfere with the ordinary and reasonable use of the highway for travel shows a breach of duty on the part of the municipality.   The time necessary to charge a municipality with constructive notice of a defect in the highway is always indefinite, and each case will present its peculiar circumstances so that a decision in one will seldom furnish a precedent for another.   If the obstruction was one of such long duration as to be generally observable the township would be charged with constructive notice thereof (McLaughlin v. Corry City, 77 Pa. 109), and the local authorities will be presumed to have knowledge or notice of a defect which they might have discovered by the exercise of proper and reasonable diligence : Kibele v. Philadelphia, 105 Pa. 41.   It appears to be undisputed that wires over the roadway similarly placed to this one, were quite usual in the neighborhood, and while this fact might require greater vigilance on the part of the plaintiff in looking for such an obstruction, it would as well give to the supervisors added knowlege of their existence and require greater care in protecting the traveling public from their danger : Fritsch v. Allegheny, 91 Pa. 226 ; Davis v. Corry City, 154 Pa. 598.

The fact that the plaintiff did not see the wire, and that other travelers did notice and avoid it did not necessarily make him guilty of contributory negligence. It would at most be for the consideration of the jury in weighing his testimony. "Where the facts are disputed, where there is any reasonable doubt as to the inference to be drawn from them, or when the measure of duty is ordinary and reasonable care, and the degree varies according to the circumstances, the question cannot in the nature of the case be considered by the court; it must be submitted to the jury: Gramlich v. Wurst, 86 Pa. 74; Lehigh Valley R. R. Co. v. Greiner, 113 Pa. 600 :" Esher v. R. R. & Mining Co., 28 Pa. Superior Ct. 387.· The nature of the obstruction need not be so patent and notorious as to be evident to all passers, but only " that they might have noticed it if they had consciously seen it:" Rosevere v. Boro. of Osceola Mills, 169 Pa. 555; Goff v. Philadelphia, 214 Pa. 172. The local supervisors had worked on the roads under this wire every year since it had been so placed; it was an usual construction in that neighborhood; some persons had been caught by it; others knew of it and avoided it; it could be seen when riding toward it if looking in that direction,—yet many had passed under it a number of times without having seen it; and the supervisors directed its removal after this accident happened.

The degree of care which is required of road supervisors has no exact legal standard; the law does not impose any liability for every insufficiency of a road, or for every impediment to easy and convenient travel; they are required to do what is practicable to be done, and to preserve a reasonable condition of safety, with reference to the kind of road, its peculiar location, its adjacency to places of peril, and the amount and kind of travel it accommodates. It may be said, generally, that they are bound for reasonable and ordinary care according to the circumstances. The object of a public road is to afford an easy, convenient and reasonably safe means of passage for persons traveling thereon with horses, wagons, etc., and the duty of the supervisors is, as far as practicable, to do what is reasonably necessary to secure that object. They are bound simply to such exercise of common prudence and of ordinary care and diligence as to accomplish that end. The decision of such a question is most appropriately made by submission of it to the

practical judgment and experience of a jury upon a considera-
tion of all the proofs respecting it: Plymouth Township v.
Graver, 125 Pa. 24; Kitchen v. Union Township, 171 Pa.
145; Cage v. Franklin Township, 11 Pa. Superior Ct. 533;
Russell v. Westmoreland County, 26 Pa. Superior Ct. 425.

The court erred in entering judgment non obstante veredicto
and the judgment is reversed.   The record to be remitted to
the court below for its action on the rule for a new trial, which
is yet pending and not disposed of.