Datsko et al., Appellants, *v.* West Penn Railways Company.

Argued October 2, 1942. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*E. V. Buckley,* of *Mercer & Buckley,* for appellants.

*William A. Challener,* with him *William A. Challener, Jr.,* for appellee.

OPINION BY MR. JUSTICE LINN, November 23, 1942:

Plaintiffs appeal from judgments n. o. v. entered on the ground that they had shown no negligence. They were passengers in an automobile which ran into the side of an interurban street car as the street car crossed the Lincoln Highway sometime between 8.30 and 9.00 o'clock P.M., November 18, 1939.

The Lincoln Highway, straight for over a mile in this vicinity, crossed the street car track at grade and approximately at a right angle. It is referred to as the Youngstown Crossing, and was ordered in and constructed by the Commonwealth. In addition to a state highway warning sign, the railway company also maintained a crossing sign. The record contains nothing concerning the maintenance of the crossing which could support a finding of negligence.

The automobile, proceeding westward, struck the south-bound street car at a point slightly back of the center of the car with such force as to leave marks of the impact of the headlights on the side of the street car. The street car was about 47 feet long.

Plaintiffs stressed the bad weather conditions. One of them testified that ". . . it was raining, just a drizzle, and it was foggy." That this fog had no appreciable effect in limiting visibility is demonstrated by the plaintiffs' own testimony, for the same witness testified that as they approached the crossing, and from "about a quarter of a mile" away from it, she saw "some five or six automobiles" coming toward her; some, at least, of these automobiles must have been on the far side of the crossing because she states that only two or perhaps three of them passed her before the accident. Another of the plaintiffs made substantially the same statements. One said he saw lights of approaching automobiles about "a thousand feet" away.

A witness, called by plaintiffs, was a passenger in the street car, and occupied a seat "toward the front of the car" on the left side. Windows behind her in the street car were broken by the crash. She testified she saw the headlights of plaintiffs' car approaching from a point that "looked to be about 100 yards away at that time." The testimony of these parties and this witness is referred to for the purpose of showing that, whatever adjectives may have been applied to describe the drizzle and the fog, they did not interfere with seeing lights at the dis-

tances given. Two of plaintiffs' witnesses testified that the street car was "brilliantly lighted." With such uncontradicted evidence of visibility produced by the plaintiffs, it must be held that there was nothing to go to the jury to support a finding that the lighting of the street car, for purposes of warning of its approach and movement over the highway, was inadequate, in view of the weather conditions: cf. *Hauser v. Central R. R. Co. of N. J.*, 147 Pa. 440, 23 A. 766.

With respect to the speed of the street car, plaintiffs' evidence is likewise inadequate to support a finding of negligence. One witness said, "It went slowly over the crossing"; ". . . it didn't come to a complete stop." Another said, "It didn't make a dead stop but it slowed down"; "it just went gradually," it was moving "very slowly." "Well, as we came to the crossing the motorman slowed down to almost a stop, but not a complete stop, and then he proceeded across the highway and I kept watching the lights of this car as they come on ahead. They seemed to come on, just coming steady straight ahead until the crash with the car."

Mrs. Hunter, a witness called by plaintiffs, testified that when the collision occurred ". . . the front end [of the street car] was pretty much over the highway." Only one of the plaintiffs admitted seeing the street car, describing it as an "orange streak."

Several of plaintiffs' witnesses said they heard no warning by bell or gong and one said none was given. But we need not discuss whether a bell or gong was sounded because it is obvious from the evidence already referred to that absence of bell—assuming none was rung —was not the legal cause of the collision; the brilliant lighting and slow movement over the highway were sufficient warning in the circumstances.* We have relied on the evidence produced by the plaintiffs and agree with the learned court below that there was no evidence that

---

* Cf. *Ruthberg v. Phila. Rapid Transit Co.*, 300 Pa. 536, 538, 151 A. 19; *Riddel v. Phila. Rapid Transit Co.*, 94 Pa. Superior Ct. 371.

would support a finding of negligence in the operation of the street car.

Judgments affirmed.